Street, et al. v. Goss, et al.

————o————

MARY T. STREET, et al., Respondents, vs. OCTAVIA GOSS, et al., Appellants.

1. *Equity—Conveyance—Undue Influence.—Fiduciary relations—Burden of proof.* —In suit to set aside a conveyance on the ground of fraud and undue influence, where the evidence shows the existence of confidential relations as well as those of principal and agent between the grantor and grantee, the burden is upon the latter, and all claiming through him, except purchasers or encumbrancers for a valuable consideration without notice, to show that absolute fairness, adequacy and equity characterized the transaction.

2. *Equity—What estates vendible in execution.*—Under the present statute (Wagn. Stat., 605, § 16 ; see also Morgan v. Bouse, 53 Mo. 219) the owner of land, the legal title to which has been procured through fraud, etc., has an estate therein which is vendible in execution.

*Appeal from St. Louis Circuit Court.*

*Dryden & Dryden, with M. Kinealy*, for Appellants, cited Gavin vs. Williams, 50 Mo., 213 ; French vs. Shotwell, 5 John's Ch., 556; Upton vs. Bassett, Cro. Eliz., 445, 3 Co., 83 a ; Smith vs. Harris, 43 Mo., 557; Grosser vs. Edmonds, Yon. and Col., 481, 500 ; McMahon vs. Allen, 34 Barb., 56 ; Morrison vs. Deaderick, 10 Humph., 342.

*R. E. Rombauer, with John P. Hudgens*, for Respondents, cited 1 Story Eq., §§ 238, 246 ; Homes vs. Fresh, 9 Mo., 201 ; Cadwallader vs. West, 48 Mo., 483 ; Yosti vs. Loughran, 49 Mo., 594; 1 Wagn. Stat., 272, § 1 ; Ibid., 605, § 16 ; Rankin vs. Harper, 23 Mo., 579 ; Herrington vs. Herrington, 27 Mo., 560 ; Bobb vs. Woodward, 50 Mo., 95.

Street, et al. v. Goss, et al.

SHERWOOD, Judge, delivered the opinion of the court.

This suit was brought to set aside two conveyances bearing date February 22nd, 1864, whereby Mrs. Melanie Brazeau conveyed to her son-in-law, agent and adviser, John McCaffrey and to her daughter Eulalie, his wife, as tenants by the entirety, two tracts of land, one of which contained $57\frac{74}{100}$ acres, and the other, in which she had a five-sevenths interest, $28\frac{40}{100}$ acres, for an expressed consideration of $9,200.00 John McCaffrey and wife, two of the original defendants, as well as Kennedy Street, one of the former plaintiffs, have, since the commencement of this suit, died. The petition charged that these conveyances were procured by an abuse of the relations existing between McCaffrey and Mrs. Brazeau, an aged woman, upwards of seventy years old, and in feeble health; that the consideration expressed in the deeds was merely nominal, the lands conveyed being of much greater value; and that no part of the consideration had ever been paid. The answer denied these allegations, but the trial court found them to be true, and decreed accordingly.

We are asked to reverse the action of the lower court for various reasons, chief among which is the absence of evidence on which to base the decree. Let us examine the principal grounds urged for a reversal. There is some conflicting testimony as to minor details, but the testimony taken as a whole, leaves no room to doubt the substantial allegations of the petition. Mrs. Brazeau, enfeebled by age, and its attendant infirmities, is induced by McCaffrey, her son-in-law and agent, in whom she had the greatest confidence, to execute the deeds in question, to avoid being harassed by the pressure of debts amounting in the aggregate to about $4,000.00, the larger portion of which was secured by deed of trust on one of the tracts conveyed. The two tracts were worth several thousand dollars in excess of the amount expressed in the deeds; and that consideration was merely nominal, McCaffrey never paying anything at the time, to Mrs. Brazeau, and only in subsequent years to her creditors, by means of a fresh incumbrance in lieu of a former one. He, however, although possessed of property worth only some $700, agreed to assume

the debts of his mother-in-law. That he did not claim the land as his own, is evident from his own express admissions repeatedly made, and by his acts utterly inconsistent with any other reasonable hypothesis. Mrs. Brazeau leased one of the tracts in the fall of 1864 for three years to Dr. Evans at a rental of $400 a year. She died November 15th, 1866. McCaffrey who it seems was absent when this lease was made, upon being informed of it proceeded to collect the rents as the agent of his mother-in-law, signing his name to receipts in that capacity, and describing the land as the "farm of Mrs. Brazeau" down to the time of her death, when he suddenly becomes possessed of the fact that he is no longer "agent," and accordingly drops that useless appendage to his name and ceases to describe the land as Mrs. Brazeau's. That Mrs. Brazeau regarded herself as still the owner of the land, is evidenced also by her repeated declarations, leaving out of view those on her death-bed ; and by signing the lease before referred to,—as the owner of the property demised.

But were we to accept the allegations of the answer as true, that the consideration mentioned in the deeds was actually paid, it would be simply impossible to reconcile this with the continuance of the incumbrance on the land, and with Mrs. Brazeau's continued penury from the time of the execution of the deeds, down to the period of her death. The only rational theory of the case, therefore, was the one asserted in the petition of the plaintiffs, and fully established by the evidence adduced.

Even, however, if the testimony offered by plaintiffs had been less full and satisfactory on other points, still it unquestionably established the existence of confidential relations, as well as those of principal and agent, between Mrs. Brazeau and McCaffrey. This having been shown, the burden was thrown upon the shoulders of McCaffrey, and all claiming through him, save purchasers or incumbrancers for a valuable consideration without notice, to show that absolute fairness adequacy and equity characterized the transaction. The rule on this point is of universal recognition and finds application commensurate with the existence of confidential relations.

It however is chiefly invoked between parent and child, client and attorney, principal and agent, and patient and medical adviser; though as before stated it is by no means confined within such narrow limits. There exists therefore no necessity to show fraud or imposition practiced on him who bestows the confidence; but simply to show that, during the pendency of such intimate relations, the conveyance in question was made. This being done, all the above mentioned consequences as to the *onus* of proof attend the given transaction as inevitable incidents. (Garvin's Adm'r vs. Williams, 44 Mo., 464; Cadwallader vs. West, 48 Mo., 483; Yosti vs. Loughran, 49 Mo., 594; Sto. Eq. Jur., §§ 309, 310, 311, 312, 313, 314, 315, & cas. cit.)

As the evidence offered by the defendants signally failed to show that the deeds were made to McCaffrey and wife for an adequate consideration, and under circumstances indicative of the utmost fairness, this alone would be a sufficient reason to uphold the action of the lower court in setting those conveyances aside.

In reference to the testimony of Mrs. McCaffrey, it is sufficient to say that its admission or rejection, for reasons previously given, could have no appreciable effect on the result. Hence the action of the court, if erroneous in rejecting it, is not reversible error.

Smith vs. Harris, (43 Mo., 557,) has been cited as showing that the right to set aside a conveyance, on the ground of such fraud as the petition charges, is not vendible under execution. And the deduction attempted to be made therefrom is, that the interest of A. G. Brazeau, which the plaintiffs Rombauer and Hudgens claim to have purchased, was not the subject of sale under execution. Respecting this matter, it may be observed, that perhaps that decision does not go the length the defendants claim; and if it does, it is certainly not in conformity with the provisions of our statute, (W. S., 605, § 16) subjecting all interests in land, whether legal or equitable, to executor's sale. (Morgan v. Bouse, 53 Mo., 219.)

The judgment is affirmed. Judge Vories absent, the other judges concur.