RICHARD DUFFY ET UX., Plaintiffs in Error, *v.* JOHN BYRNE, JR., ET AL., Defendants in Error.

### June 17, 1879.

1. The mere fact that one deposited money in an insolvent bank, believing it to be solvent, and thereby lost his money, gives him no cause of action at common law against the directors.

2. Where fraud is the ground of the action, all circumstances necessary to support the action must be alleged with such certainty that the defendant may know what he is called upon to answer.

ERROR to St. Louis Circuit Court.

*Affirmed.*

M. McKEAG, for plaintiffs in error : " Parties cannot be permitted to be silent, when their silence operates virtually as a fraud. *Suppressio veri est suggestio falsi.*" — *Cecil, Admr.*, v. *Tutt*, 32 Mo. 462 ; *Barron* v. *Alexander*, 27 Mo. 530 ; *McAdams* v. *Cotes*, 24 Mo. 223 ; *Anonymous*, 67 N. Y. 598 ; *Morgan* v. *Skiddy*, 62 N. Y. 326.

E. T. FARISH, for defendants in error : The petition did not state facts showing fraud. — *Solomon* v. *Richardson,* 30 Conn. 369 ; *Harman* v. *Dappenden,* 1 East, 555 ; *Gerhard* v. *Bates,* 20 Eng. Law & Eq. 129 ; *Vose* v. *Grant,* 15 Mass. 505 ; *Franklin* v. *Holle, ante,* p. 241.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that plaintiff Bridget Duffy was a depositor in the Central Savings Bank, a corporation doing a banking business in St. Louis ; that during the years 1874, 1875, and to July 6, 1876, the defendants were stockholders and directors in that bank, and Duffy a depositor ; that it was the duty of defendants to see that the affairs of the bank were properly managed, and correct statements of its financial affairs published ; that the bank, during the period named, was hopelessly insolvent, and was adjudicated a bankrupt in September, 1876 ; that defendants knew its condition, and fraudulently failed to have published in a newspaper of St. Louis County a semi-annual statement setting forth its financial condition, property, and liabilities, verified by oath, as it was their duty to do ; that, for the purpose of giving the bank a fictitious credit, and to add to their profits as stockholders, and to induce plaintiff Bridget Duffy to loan her money to said corporation, defendants falsely and fraudulently represented to plaintiff and to the public that said corporation was safe and solvent, and fraudulently concealed its insolvency, and directed the officers and employees of the corporation to publish and represent that it was solvent ; and that they so represented to plaintiff at the time of and before she loaned her money to the corporation ; that plaintiff, relying on these false and fraudulent representations of defendants, at various times during the period aforesaid deposited money with said bank, and particularly $4,640 on July 3, 1876, which yet remains due to her. Plaintiff asks damages in the sum of $4,356.

A demurrer was sustained to the petition ; and plaintiffs declining further to plead, there was final judgment.

Aside from any statutory provisions, defendants could not be liable in an action at law for injury resulting to a depositor for mere non-feasance. *Fusz* v. *Spaunhorst*, 67 Mo. 264. So far as active participancy in a wrongful act, intended and directly operating to the injury of plaintiff, is concerned, nothing is alleged to constitute a cause of action at common law.

Where fraud is the ground of the action, it must be distinctly shown. If it is not distinctly alleged, it cannot be inferred to aid the pleading. In this action, the petition must state the declarations that were made. It does not appear what false statements in regard to the capital, organization, or condition of the corporation were made to plaintiff, on the faith of which she became a depositor, nor how defendants are liable jointly as directors. The plaintiff must allege all circumstances necessary for the support of the action with such certainty that defendant may know what he is called upon to answer. If the nature of the statement complained of was set out, it might become apparent that it was not of a character designed to influence plaintiff, or upon which she ought to have relied without further inquiry; or the absence of intent to defraud might be seen. For instance, the keeping open of the doors of a bank is, in a certain sense, a declaration of its officers that it is safe to trust it; and the directors ought, by virtue of their office, to know the condition of the bank. Nevertheless, the mere fact that a man made a deposit in an open bank which was insolvent at the time, and that he lost his money in consequence, does not give the depositor a cause of action at common law against the directors, individually or otherwise.

This action is not brought under the provisions of the Constitution of 1875. These provisions not being self-enforcing, and no act to enforce them having been passed at the dates named in the petition, it is manifest that they have no application in the present case.

The judgment is affirmed. All the judges concur.