G. Fischer et al., Respondents, *v.* J. Tamm et al., Appellants.

### December 12, 1882.

1. Banks — Liability of Officers. — An officer of an incorporated bank is not individually responsible for losses resulting to a creditor of the bank from the management of the bank, except upon the ground of malice or fraud.

2. —— Section 918 of the Revised Statutes imposes on bank officers no additional liability for losses occasioned to depositors by the management of the bank.

Appeal from the St. Louis Circuit Court, Thayer, J.
*Reversed and dismissed.*

Kehr & Tittmann, for the appellants : There is no right of action against the defendants. The facts stated con stitute no liability, either at common law or under sectiot 27, Article XII., of the constitution. — *Fusz* v. *Spaunhorst* 67 Mo. 256 ; *Duffy* v. *Byrne*, 7 Mo. App. 417 ; *Merchants' Bank* v. *Bliss*, 35 N. Y. 412 ; *Brinham* v. *Wellensburg Coal Co.*, 11 Wright, 43. They constitute no liability under the statutes in force at the time. — Act of April 23, 1877, and the Act of May 15, 1877, Laws of Missouri, 1877. Statutes making officers liable in their indi-

vidual capacity for the debts of the corporation, in case they permit the corporation to contract debts in excess of its capital stock, or declare dividends not earned, or fail to make or publish reports of the financial condition of the corporation, or violate any other duty enjoined on them, are penal statutes, and the liability which they create is in the nature of a penalty or forfeiture.— *Kritzer* v. *Woodson*, 19 Mo. 327–330 ; *Cable* v. *McCune*, 26 Mo. 371–380 ; *Garrison* v. *Howe*, 17 N. Y. 458 ; *Boughton* v. *Otis*, 21 N. Y. 261 ; *Miller* v. *White*, 50 N. Y. 137–142 ; *Halsey* v. *McLean*, 12 Allen, 438. All such statutes, being penal statutes, must be construed strictly.— *Gray* v. *Coffin*, 9 Cush. 192–199 ; *McMullen* v. *McCreary*, 4 P. F. Smith, 230 ; *Mayer* v. *Penn. State Cr.*, 21 P. F. Smith, 293. The personal liability of the director is secondary, not primary, collateral, not principal, and cannot be enforced until the assets of the bank are first exhausted. The action in this case was prematurely brought. — *Appeal of Means*, 85 Pa. St. 78, 79 ; *Patterson* v. *Wyoming*, 40 Pa. St. 117 ; *Kinsley* v. *Rice*, 10 Gray, 325 ; *Middleton Bank* v. *Magill*, 5 Conn. 70 ; *Johnson* v. *Churchwell*, 1 Head, 146.

LOUIS GOTTSCHALK, for the respondents : " The case arose out of contract."— Thompson, Liability of Officers, 460, sect. 21 ; *Hodgson* v. *Cheever*, 8 Mo. App. 318 ; *Kritzer* v. *Woodson*, 19 Mo. 327 ; *Perry* v. *Turner*, 55 Mo. 427. An action of debt lies upon a statute which creates a liability to pay money, without prescribing any remedy by which recovery shall be had. — *Stranger* v. *Powell*, 15 Ala. 456 ; *Bigelow* v. *Cambridge*, 7 Mass. 202 ; *Kelly* v. *Davis*, 1 Head, 73 ; *United States* v. *Willetts* (1871), 5 Ben. 220 ; *Chappee* v. *United States*, 18 Wall. 516. Such an action is of a civil nature at common law, and plainly falls within the jurisdiction of the circuit court. — *Jacobs* v. *United States*, 1 Brock. 521 ; *Stockwell* v. *United States*, 13 Wall. 542.

Bakewell, J., delivered the opinion of the court.

The plaintiffs allege in their petition that they are the trustees of an express trust, and, as such, the holders of the different certificates of deposit separately set out, which were transferred to plaintiffs by the several owners thereof for the purpose of collecting the money deposited, as therein specified, for the benefit of such several owners; that said moneys were deposited, and said certificates issued, by the United States Savings Institution, a banking corporation under the laws of the state of Missouri, doing business in the city of St. Louis, Missouri; that defendant Tamm was, during the time of the reception of these different moneys, president of said bank, defendant Kern its cashier, and the other defendants its directors; that during all the time when these moneys were deposited, and these separate certificates of deposit issued, and ever since June 1, 1878, the said bank was insolvent and in failing circumstances, and has ever since remained so, and was known to be so by said several defendants, and by each one, at the time of the reception of said deposit, and that, notwithstanding such knowledge on their part, and after they had acquired such knowledge, they and each one of them assented to the reception of said several deposits at said institution, whereby defendants became and are liable to plaintiffs for the amount of said several deposits.

To this petition defendants demurred on several grounds, amongst others, on the ground that the petition states no cause of action. The demurrer was overruled. Afterwards, the pleadings were made up, and the court, of its own motion, referred the cause. In accordance with the report of the referee, judgment was entered on each count for the amount of the certificate therein recited, less the aggregate amount of dividends received by the holder from the assignee of the bank.

The petition does not state a cause of action at common law. *Duffy* v. *Byrne*, 7 Mo. App. 417. Aside from

statutory or constitutional provisions, an officer of an incorporated bank is not individually responsible in an action at law for an injury resulting to a creditor of the bank from the management of the bank, unless the injury is occasioned by his malicious or fraudulent act. *Fusz* v. *Spaunhorst*, 67 Mo. 256.

The supreme court further held in the case last cited, as to the provision of the constitution of Missouri of 1875 which declares that it shall be a crime for any officer of any banking institution to assent to the receipt of deposits or creation of debts by such institution after he has knowledge that it is insolvent, and that any such officer shall be individually responsible for such deposits and for such debts so created with his assent,— that this provision is not self-enforcing. And the supreme court overruled this court, which held in *Cummings* v. *Spaunhorst* (5 Mo. App. 21), that the constitutional clause contained apt and sufficient words creating in themselves a right of action in favor of the creditor or depositor, which might be enforced by the ordinary remedies under the laws existing when the constitution was adopted. Since the adoption of the constitution, the legislature passed the act entitled, "An act to provide for the recovery of deposits and debts from officers, agents, and managers of banking institutions, who assent to the reception of such deposits, or creation of debts by them, knowing that they are insolvent or in failing circumstances." This act, approved April 23, 1877 (Sess. Acts, p. 35), provides that, it shall be unlawful for any officer of any banking institution to assent to the reception of deposits or creation of debts by any such institution, after he shall have had knowledge of the fact that it is in failing or insolvent circumstances, and makes it the duty of every such officer to examine into the affairs of the same and, if possible, know its condition. The act further provides that, in suits brought to recover deposits received, or debts created, all officers charged with having assented

to the deposit or debt, may be proceeded against severally or jointly, and the fact of insolvency of the bank shall be *prima facie* evidence of knowledge by the officer charged and of assent to the deposit or debt. There is also a provision for contribution, and that the act may be enforced against the estates of deceased officers.

The only other act which seems to have any bearing upon this question of civil liability, is the act of May 15, 1877 (Sess. Acts, p. 28), on the subject of savings banks and private banking. It is provided by section 21 of this act, that no officer of any bank "shall receive or consent to the reception of deposits, or create or consent to the creation of any indebtedness, after becoming aware that such association is insolvent, or in failing circumstances;" and that, "every person violating the provision of this section, shall be individually responsible for such deposits so received and all such debts so contracted; provided, that any director who may have paid more than his share of the liabilities mentioned in this section, may have the proper remedy at law against such other persons as shall not have paid their full share of such liabilities."

It is obvious that these statutes supplement the constitutional provision only in two respects. They direct that the banking officers may be proceeded against jointly and severally and for contribution between them. The statutes make no other or fuller answer than the constitutional provision to the questions of Chief Justice Sherwood in *Fusz* v. *Spaunhorst*. "Responsible to whom? To the depositors? To the creditors? To the stockholders? Or to the non-assenting officers? Or to the directors? What is the nature of the liability? Primary? Or secondary? What the form of the judgment?" The statutes, as to these matters, are as silent as the constitution. It follows that, according to the views expressed by the supreme court, the statutory provision is as much unenforceable now as it was when first adopted.

If it be said that the statutes are plain according to the ordinary rules of construction, and that responsibility for a debt in similar enactments has always been taken to mean responsibility to a creditor, and that where the responsibility is created, the right of action is given, we reply that we must apply to the construction of the statutes the same rule which the supreme court has applied to the constitutional provision. The supreme court has decided that, to say that the officer "shall be individually responsible" for debts and deposits created and made with his assent after he knew of the insolvency of the bank, is not to say that he shall be primarily liable to the depositor or creditor, is not to define the nature of the liability, or to give any right of action for it. As the statutes are not more definite or explicit on these points than is the constitution, we cannot give to their language a meaning which we might be disposed to give to it, were the question an open one, which it is not. We once thought that, giving to the words of the section in the constitution their natural and proper meaning, they gave to the depositor a right of action. In this it seems that we were wrong. But nothing can be clearer than this, that, if the language of the constitution does not give the right of action, there is no language in the statute that we have quoted that does. It is unnecessary to repeat what is said in *Prunty* v. *Spaunhorst* (No. 869 Mo. App.).

We are referred to *Hodgson* **v.** *Cheever*, where a clause in a bank charter that, when default is made in the payment of any liability of the corporation, "the stockholders shall be individually responsible for an amount equal to the amount of stock held by them respectively," is held to give a right of action to the owner of a certificate of deposit against the stockholder, so that an individual creditor can sue an individual stockholder. But the stockholder's liability in that class of cases arises out of contract, and

such a case is distinguishable from the case in which a stockholder is made liable by a provision of the written law, for the violation of a prescribed duty. The liability of the stockholder in the former case, possesses no feature of a penal character. The company is incorporated with a qualified corporate capacity, leaving the stockholders personally liable for the debts of the corporation, by withdrawing the protection which incorporation affords, and leaving the stockholder, with regard to the debts of the company, under the common-law liability of a partner. The liability is not created by the statute of incorporation. *Cummings* v. *McCullough*, 1 Comst. 47.

In the view which we take of this case, it is not necessary for us to notice the many other points arising upon the record, and which have been argued before us. It follows from what has been said, that we think that the judgment should be reversed, and that the cause should be dismissed. It is so ordered. All the judges concur.