## DOERING, *Appellant*, v. KENAMORE.

1. **Personal Property** : GIFT. Delivery of possession, either actual or constructive, is essential to a gift of corporeal personal property.

2. —— : ——. Where such property is in the adverse possession of another, there can be no delivery, and, hence, no gift.

3. **Replevin** : TORT, ASSIGNMENT OF. Replevin will lie for the possession of mules stolen from the owner in favor of his assignee of the right of action therefor. Following *Snyder v. Ry., post*, p. 613.

*Appeal from Dent Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

*A. M. McElhinney* for appellant.

*Smith & Krauthoff* and *L. B. Woodside* for respondent.

(1) The plaintiff could not recover as assignee of his father's cause of action. Causes of action sounding in

tort are not assignable. R. S., sec. 3462 ; *Wallen v. Ry.*, 74 Mo. 521. The same principle applies alike in trover and replevin. *Parmlee v. Loomis*, 24 Mich. 243 ; *Hisler v. Carr*, 34 Cal. 641 ; *Dame v. Dame*, 43 N. H. 37 ; *Pace v. Pierce*, 49 Mo. 393 ; *Crocker v. Mann*, 3 Mo. 472. (2) Plaintiff could not recover on the theory of a gift of the mules to him by his father. A delivery of the property was essential to pass the title by way of gift. 1 Parsons on Contracts (5 Ed.) 234 ; *Spencer v. Vance*, 57 Mo. 427 ; 2 Schoulers, on Per. Prop. 68, 69, 70 ; *Walter v. Ford*, 74 Mo. 195 ; *Noble v. Smith*, 2 John. 52 ; *Hanson v. Millet*, 55 Me. 184. (3) The plaintiff must recover, if at all, upon the ownership of the mules at the time alleged in the petition. Evidence that he subsequently became invested with the title was insufficient. There is a broad distinction between ownership of property at the time of its unlawful taking and the acquisition of title subsequently. *Waldhier v. Ry.*, 71 Mo. 514 ; *Capital Bk. v. Armstrong*, 62 Mo. 59 ; *Iron Mountain Bk. v. Armstrong*, 62 Mo. 70.

NORTON, J.—This was an action of replevin for two mules. The plaintiff alleged in his petition that he was "the owner and entitled to the possession" of the property sued for. The defendant filed a general denial. The case came on for trial before a jury. At the close of the plaintiff's testimony, the court gave an instruction to the effect that there was no such proof of title in the plaintiff as would sustain the action, and that their finding would have to be for defendant. Thereupon, the plaintiff took a non-suit, and prosecutes his appeal to reverse the judgment, which was entered upon it in favor of defen       .

The evidence is very clear that the mules, in April, 1878, belonged to Adam Doering, who was father of the plaintiff ; that between the sixth and seventh of April, 1878, they were stolen from his stable in St. Louis

county, where he was residing; that he heard nothing of them till January, 1880, when he learned they were in Salem, Dent county; and that, "being an old man, he gave his right to the mules. to his son, the plaintiff, Alfred Doering; that he told him if he could get them, he could have them." This was the testimony of Adam Doering himself. Henry Doering, the plaintiff's brother, testified that he saw the mules in January, 1880, in defendant's possession. Alfred Doering, the plaintiff, testified that after his father heard the mules were in Dent county, he "gave him the right to the mules, and told him to go and get them and they were his." He then repaired to Dent county, demanded the mules from defendant, and was refused. He returned home, and testifies that "his father again told him to get the mules and they were his." He then brought suit. It appears from the testimony of other witnesses that the mules were brought to the stables of one Kessler, in Dent county, on the evening of the ninth of April, 1878, by two men, whose names are not given; that one of them left the next morning, and the other one remained and traded off the mules to defendant a few days afterwards. A Mr. Miles testified, that one Saturday night in March or April, 1878, he was attending a party at Gray's Summit, Franklin county, and discovered, after midnight, that a saddle had been stolen from his horse tied outside, and that the saddle which accompanied these mules upon their arrival in Dent county, and shown to the witness, was his saddle, stolen as above related.

This was the substance of the evidence, and the sole question is, whether it sustains such right of property in the plaintiff as he must have in order to maintain the action of replevin or trover. There was no contradiction of the testimony showing that the mules were stolen from the plaintiff's father in April, 1878. Unquestionably, the evidence failed to establish a gift of the mules to the plaintiff by his father. Delivery of posses-

sion, either actual or constructive, is an essential element to a gift of corporeal personalty. 1 Pars. on Cont. (6 Ed.) 234. As the mules were in the adverse possession of defendant, neither actual nor constructive possession could be given, and for that reason there was no gift.

In considering the declarations made by the donor, it would seem that he was conscious of this fact. According to the natural import of his language, he did not assume to bestow upon his son the corporeal chattels now sued for, but only to transfer to him the right to said chattels, the donee assuming the burden of reducing them to his possession. It is objected on the part of defendant that, as the mules were held adversely to the donor, the right which remained in him was only a chose in action, and that as it did not arise on contract, any assignment or tranfer of it is forbidden by our practice act. R. S. 1879, sec. 3462. According to the ruling of this court, made at the present term in case of *Snyder v. Wabash, St. Louis & Pacific Ry. Co., post,* p. 613, this point is not well taken.

The judgment is reversed and the cause remanded, in which all concur; Judge Henry concurring in the result.