FITZGERALD v. WEIDENBECK et al.

(Circuit Court, D. Minnesota. September 29, 1896.)

CORPORATIONS—LIABILITY OF TRUSTEES—PENALTY—RIGHT OF ACTION.

The Montana statute providing that, if the trustees of a corporation organized thereunder fail to make a report of its affairs at a specified time, they shall be liable for its debts, creates a joint and several liability to each creditor, which can be enforced by an action at law against one or all of the trustees. This liability is not in the nature of a penalty. The right of the creditor is vested as soon as it accrues, and may be assigned, and cannot be defeated by any subsequent change or repeal of the statute.

Bigelow & Taylor, for complainant.
Cobb & Wheelwright and T. D. Merwin, for defendants.

LOCHREN, District Judge. The demurrer of the several defendants to plaintiff's complaint in this action came on for hearing before the court on the first day of the general term begun and holden at the court room in the federal building in the city of Minneapolis, in said district, on Tuesday, the 1st day of September, A. D. 1896, and the several parties appeared by counsel and were heard. The plaintiff, by his complaint, seeks to hold the defendants, trustees of the Twin City Butte Mining Company during the year 1894 and ever since, liable for the amount of three judgments obtained in the district court of the Second district of the state of Montana against said company, which is a Montana corporation, upon indebtedness of said company arising on contract, and existing and matured on and prior to October 1, 1894; the personal liability of the defendants being claimed to exist under a section of the Montana statute, under which said company was incorporated, which required that every company or corporation organized under the provisions of such statute should annually, within 20 days from the 1st day of September, make a report, which should state the amount of the capital of such corporation, and the proportion thereof actually paid in, and the amount of existing debts, and which report should be signed by the president and a majority of the trustees of said corporation, and be verified by the oath of the president or secretary of such corporation, and be filed in the office of the clerk of the county where the business of the corporation is carried on; and that, if any company shall fail to make or file such report as above stated, all the trustees of the company shall be jointly and severally liable for the debts of the company then existing, and for all that shall be contracted before such report shall be made. And the complaint alleges the fact to be that said Twin City Butte Mining Company did not make or file such report within 20 days from the 1st day of September, A. D. 1894, nor at any other

time prior to the 3d day of February, A. D. 1895. One of said judgments, for the sum of $1,273.37, was so recovered by the plaintiff against said Twin City Butte Mining Company on December 1, 1894, on causes of action on contract, all existing against said company on and prior to October 1, 1894, in favor of other parties, who thereafter assigned the same to the plaintiff. The other two judgments, for $1,556.37 and $163.08, respectively, were so recovered by other persons in February, 1896, on similar causes of action existing and matured before October 1, 1894, and the same two judgments were, after the recovery thereof, assigned to the plaintiff.

1. I think the complaint sufficiently alleges that the defendants were at all the times referred to in the complaint trustees of the said corporation; and that their report was not filed within a reasonable time after 20 days from the 1st day of September, 1894.

2. The liability of the defendants under the statute, being a joint and several liability to each creditor of the corporation, such liability can properly be enforced by each creditor for himself in an action at law against one or all of the trustees. If the liability were strictly of the nature of a penalty, it could not be enforced in a court of equity.

3. But, while the statutory liability of trustees has some of the characteristics of a penalty, and attaches upon such kind of default or omission of duty on the part of the trustees as is frequently in like statutes punished by the infliction of a penalty, yet, under this statute, such liability of the trustees is not a penalty, but the withdrawal, as to them, as a consequence of their failure to perform certain duties, of the exemption from personal liability which the statute allowing the incorporation of the company would otherwise afford them, and an allowance to the creditors of the corporation at the time of such default or during such omission of duty, of the further remedy of having the right to proceed in the collection of their debts directly against the trustees from whom such exemption is withdrawn. There is nothing harsh or oppressive in this. Persons who without franchise engage in a business venture for profit are each held justly liable for all the debts and obligations of the joint concern. If the state grants corporate franchises to persons engaging collectively in business ventures, and includes in such grant exemption from personal liability, such exemption will be upon such terms and conditions, and as to such persons, as the statute prescribes. By the terms of this Montana statute stockholders are personally liable to creditors to the extent of unpaid stock, and, in case the company fails to make the required report, the exemption from personal liability for debts of the corporation then existing or contracted during the default is withdrawn as to the trustees who ought to have caused the report to be made and filed. There is no penalty in the strict and proper sense. These debts are still the debts of the corporation, and, if they are all paid by the corporation in the course of its business, or collected from its assets, the liability of the trustees causes no loss to them. There is no mulct nor forfeiture prescribed against them as punishment for their default. The removal of the exemption from personal liability as to them, simply enlarges and extends the rights and remedies of creditors as to debts of the corporation

existing at the time of the omission of duty, or contracted while such omission continued. Such liability attaches in respect to the debts existing at or during the default, and may be enforced not only by the then creditors, but by their subsequent assigns as well. The right of the creditor to enforce this obligation and liability of the trustees becomes fixed and vested as soon as it accrues, and passes to his assignee, and is not subject to be defeated by any repeal or change of the statute. It is not the case of a right or liability created by statute, and with no other than a statutory basis, resting on the power of the legislature to prescribe forfeiture for disobedience. It is rather a case or condition where the corporate franchise by its own terms and limitations, and for a plain reason, ceases to afford to officers of the corporation who disregard an enjoined duty, the exemption from personal liability which the franchise alone would otherwise afford in respect to specified debts contracted in an enterprise in which they were engaged, with others, for profit.

4. The Montana statute set forth in the complaint has not been repealed. The slight changes in verbiage in the new Code and slight additions leave the conditions affecting this case in force in 1894, still in force.

The demurrers are overruled, with leave to the defendants to answer plaintiff's complaint by the rule day in November, 1896.