J. A. Houston, Respondent, v. J. A. Wilhite et al., Appellants.

Kansas City Court of Appeals.   May 5, 1930.

*L. A. Warden* for respondent.

*R. E. Ash* and *Irwin & Bushman* for appellants.

BLAND, J.—This action was brought in six counts against the defendants, directors of the Mutual Bank of Green Castle, for accept-

ing deposits after having knowledge of the fact that said bank was insolvent and in failing circumstances. The first count is for the recovery of the amount of a deposit by plaintiff. Counts two to five each cover the amount of a deposit made by other depositors who have assigned their accounts in the bank and their rights of action against the defendants to plaintiff. Count six cover the same deposits as those mentioned in counts one to five and is based on alleged misconduct of the defendants as directors. Defendants filed a special demurrer containing fourteen grounds. The court overruled the demurrer and defendants refusing to plead further judgment was rendered in favor of the plaintiff in the sum of $302.34. Defendants appealed to the Supreme Court on alleged constitutional grounds but that court found no such point in the case and transferred the cause to this court.

The only points made in defendants' brief that are developed, and therefore require consideration, are that the cause of action sued upon is not assignable and that the petition fails to allege fraud.

Defendants insist that the causes of action were not assignable because:

"There being no contractual relation between the depositor of a bank and a director of the corporation, the statute creating a liability upon the part of the director to the creditor is purely a penalty notwithstanding it may afford a remedy to the party complaining."

A decision of the question of the assignability of the causes of action in question requires a statement of the history of the liability of the directors of banks to depositors. At common law, as it was recognized in this State, the officers of a bank owed no duty to a depositor other than that owed to any other member of the public. They were not liable to the depositor of the bank for mere mismanagement of the bank's affairs nor for receiving deposits knowing the bank to be insolvent, unless the deposit was induced by fraudulent conduct of the directors. This conduct must have amounted to an affirmative willful misrepresentation of the facts with intent to deceive. [Fischer v. Tamm, 13 Mo. App. 108.] In this connection our Supreme Court in the case of Fusz v. Spaunhorst, 67 Mo. 256, 264, stated:

"Aside from statutory provisions or one of similar nature in the organic law, the directors or officers of an incorporated bank would not be individually responsible in an action at law, for injury resulting to a creditor or depositor, unless the injury were occasioned by the malicious or fraudulent act of the party complained of. Mere nonfeasance will not answer; nothing short of active participancy in a positively wrongful act intendedly and directly operating injuriously to the prejudice of the party complaining will give origin to individual liability as above indicated." [See, also,

Duffy v. Byrne, 7 Mo. App. 417, 419; Bank v. Hill, 148 Mo. 380; Hart v. Evanson, 3 L. R. A. (N. S.) 438.] There are many decisions to the contrary (see Hart v. Evanson, supra, 1. c. 443), but the rule in this State is undoubtedly as we have stated it.

It therefore appears that under the common law mere nonfeasance on the part of the officers resulting in loss to the depositor did not give rise to a cause of action against the officers. However, as before stated, if the deposit was induced by affirmative fraudulent conduct of the officers, then they were liable at common law to such depositor. In Minton v. Stahlman, 96 Tenn. 98, 103, the court, quoting from Thompson on Private Corporations, stated:

"Directors of a bank may make themselves liable to ordinary depositors in damages for false and fraudulent representations made by them, whereby the depositors have suffered loss, and, perhaps, also for acts done by them with intent to deceive and defraud the public generally, which have had that effect and which have caused loss to such depositors."

In Zinn v. Mendel, 9 W. Va. 580, 595, the court said:

"From the foregoing authorities it may be clearly deduced that (although the directors of a corporation are not liable to creditors thereof, in the case before stated, for non-feasance, etc.), they make themselves liable to ordinary depositors of money, for damages for false and fraudulent representations, made by them, and, perhaps some acts done by them, with intent to deceive and defraud the public, or any person, and which have had the design and effect, and caused loss and damages to them."

We will discuss the effect of the statutes of this State upon the common law.

Section 27, article 12, of the Constitution of this State provides:

"It shall be a crime, the nature and punishment of which shall be prescribed by law, for any president, director, manager, cashier or other officer of any banking institution, to assent to the reception of deposits, or the creation of debts by such banking institution, after he shall have had knowledge of the fact that it is insolvent, or in failing circumstances; and any such officer, agent or manager shall be individually responsible for such deposits so received, and all such debts so created with his assent."

Section 11763 of our statutes, under which this action was brought provides:

"No president, director, manager, cashier, or other officer or agent of any bank organized and doing business under the provisions of this article, shall receive or assent to the reception of deposits, or create or assent to the creation of any debts of such bank, after he shall have knowledge of the fact that it is insolvent or in failing circumstances. Every person violating the provisions of

this section shall be individually responsible for such deposits so received, and all such debts so contracted.''

Then follows provisions allowing contributions to be recovered from one director of another. Section 11764 makes the insolvency or failing circumstances of a bank prima-facie evidence of the knowledge and assent of the directors.

The Supreme Court in Ivie v. Bailey, 5 S. W. (2d) 50, 53, 54, refused to say whether the constitution created a civil liability unknown to the common law but held that if it did the statutes above described provided a method of enforcing the liability created by the constitution and if not, then they provided a method of enforcing the common law liability as declared by the constitution. We are of the opinion that while in a sense the constitution created a new liability, it might be more properly said that the only change in the common law made by the constitution was to *extend* the liability of the officers to fraud by concealment as well as affirmative fraud. In other words the rule recognized in some other states to the effect that keeping open a bank and accepting deposits is in itself a representation that the bank is solvent and is a fraud upon those making a deposit when the officer knows of the insolvency, was adopted in this State. It was stated in Minton v. Stahlman, supra, l. c. 109, 110, where the court quoting from St. Louis Ry. Co. v. Johnson, 133 U. S. 576, said:

'' 'But it is believed that no case can be found in the books holding that a trader who was hopelessly insolvent, knew that he could not pay his debts, and that he must fail in business, and thus disappoint his creditors, could honestly take advantage of a credit induced by his apparent prosperity, and thus obtain property which he had no reason to believe he could ever pay for. In such a case he does an act, the necessary result of which will be to cheat and defraud another, and the intention to cheat will be inferred.' And it was decided 'that in the case of bankers, where greater confidence is asked and reposed, and where dishonest dealings may cause widespread disaster, a more rigid responsibility for good faith and honest dealing will be enforced than in the case of merchants and other traders,' and 'that a banker who is to his own knowledge hopelessly insolvent cannot honestly continue his business and receive the money of his customers, and, although having no actual intent to cheat and defraud a particular customer, he will be held to have intended the inevitable consequences of his own act —that is, to cheat and defraud all persons whose money he receives, and whom he fails to pay before he is compelled to stop business.' ''

When it is remembered that an officer of a bank has a direct financial interest in keeping it open, though it be a corporation, it will be fully realized that it is taking but a small step from the

liability declared in the Johnson case to hold him liable for his action in behalf of the bank. As before stated, our common law was changed by our constitution in order to bring our State into harmony with the rule that mere silence, where there is a duty to speak, creates liability in an action for deceit. That is to say, the constitution merely extended the common law rule in this State, which required affirmative willful misrepresentation of solvency, to fraud by silence in the face of knowledge of insolvency.

We have gone into this question quite fully because defendants insist that the constitution creates a drastic penalty against bank officers of a kind that comes within the rule that causes of action for penalties are not assignable. The rule is stated in Corpus Juris in this language:

"A purely statutory right conferred on one only who belongs to a particular class, and being in the nature of a personal privilege the advantage of which is not intended by the statute to be enjoyed by any other, and which does not survive the beneficiary, is not assignable, *as in the case of a penalty or forfeiture accruing under a statute to a particular person* who alone may claim or waive it, or of a statute creating a cause of action which is of a nature non-assignable under general rules, as where the right is in its nature personal." [5 C. J., p. 983.] (Italics ours.)

In the case of Utley v. Hill, 155 Mo. 232, 263, the Supreme Court said, "the law (the one now under consideration) is drastic and penal," and we said in Eads v. Orcutt, 79 Mo. App. 519, 604, and White v. Poole, 272 S. W. 1021, 1028, that the statute imposes a liability on the officer, which was not his at common law, as a consequence of his misconduct. However, the statutes or constitution were referred to as drastic or penal because our common law did not recognize the extent of the liability imposed by the constitution because contrary to our common law theory that an officer of a corporation owes no duty to its creditors except not to willfully deceive them. However, in view of the many reputable courts of this country recognizing, as the common rule, the liability imposed by our constitution, and in the light of the fact that there is clearly a moral duty upon officers of banks to cease taking the money of its depositors when it becomes insolvent, it would seem that our statute or constitution is not so drastic after all. In view of what the Supreme Court said in the Utley case we must, and therefore do, recognize that the statute is penal but it is not penal in the sense that the cause of action cannot be assigned. There is no mulct or forfeiture prescribed against the officers as punishment for their default. [Fitzgerald v. Weidenbeck, 76 Fed. 695.] The depositor cannot collect from the directors any sum greater than the debt owed him by the bank. [White v. Poole, 272 S. W. 1021, 1028.]

Therefore, the constitution or the statute, although imposing a liability having some of the characteristics of a penalty, is not a penal statute as such statutes are ordinarily understood.

The general rule by which to test the question as to whether or not a cause of action is assignable is whether or not it is one that survives in case of the death of the original holder. [Snyder v. Ry., 86 Mo. 613.] Under this rule it has been held that certain causes of action for fraud are not assignable. [See Harrison v. Craven, 188 Mo. 590, 601; Mullinax v. Lowry, 140 Mo. App. 42.] However, there are others that are assignable. The rule in this regard is stated in Corpus Juris as follows:

"A right of action for fraud or deceit is nonassignable in those jurisdictions in which rights of action for torts in general are not assignable, and conversely, is assignable in those jurisdictions where by statute causes of action for torts generally are assignable, or where the statute expressly provides that such cause of action shall survive, or does not include actions for fraud and deceit in the exceptions to causes of action made assignable. In the absence of such statutory regulations a right of action for fraud or deceit is generally held nonassignable in those cases in which the wrong is regarded as one to the person, but assignable where the injury is regarded as affecting the estate, or as arising out of contract.

"A purely statutory right conferred on one only who belongs to a particular class, and being in the nature of a personal privilege the advantage of which is not intended by the statute to be enjoyed by any other, and which does not survive the beneficiary, is not assignable, as *in the case of a penalty or forfeiture accruing under a statute to a particular person* who alone may claim or waive it or of a statute creating a cause of action which is of a nature nonassignable under general rules, as where the right is in its nature personal." [5 C. J., pp. 891, 892, 893.] (Italics ours.)

In the case of Conn. Mutual Life Ins. Co. v. Smith, 117 Mo. 261, 291, the court said:

"If indeed Mrs. Washington was the possessor of an interest in the land in controversy and she was defrauded out of it, there can be no question under our statutory provisions and frequent rulings on the point, but that she could maintain suitable action or proceeding to regain whatever rights she had lost by reason of any fraud practised against her; and any such right, whether legal or equitable, whether sounding in contract or sounding in tort, which survived the person, are transferable. [R. S. 1879, secs. 2354, 3462.] Thus, in Street v. Goss, 62 Mo. 226, it was ruled that the equitable right of a debtor to have a conveyance obtained by an agent of his principal through fraud, was vendible under execution." [See, also, Shultz v. Christman, 6 Mo. App. 338; Dean v.

Chandler, 44 Mo. App. 338.] In the case of Snyder v. W. S. L. & Pac. Ry. Co., supra, it was held that a cause of action arising out of defendant's failure to erect and maintain lawful fences along the sides of its railroad, resulting in the death of a hog, could be assigned so as to give the assignee a right to sue in his own name.

In the case at bar the petition alleges that, not only the cause of action against the directors but the debts against the bank, were assigned to plaintiff.

The constitution does not invest the debt with a character which prevents an assignment of it together with all of the incidental remedies given by the statute. The act of the defendants in accepting the deposits under the circumstances caused an injury and seriously effected the property and the assets of the plaintiff and his assignors. The cause of action is something more than merely personal. It goes to matters diminishing the property of the depositor. It may be considered as embraced within the rule laid down in the cases of Conn. Mutual Life Ins. Co. v. Smith; Snyder v. Ry., supra; Doering v. Kenamore, 86 Mo. 588. We think there is no question but that the causes of action pleaded in the petition are assignable. [Bonnell v. Wheeler, 1 Hun, 332; Day v. Vinson, 10 L. R. A. 205 (Wis.); Fitzgerald v. Weidenbeck, supra; Day et al. v. Buckingham et al., 87 Wisc. 215; Krauser v. Ruckel et al., 17 Hun. 463, 466; Erickson v. Brookings Co., 3 S. D. 434, 437, 438.]

The case of Eads v. Orcutt, supra, cited by the defendants merely decides that the individual depositor may sue under the statute in question. This question was rightly decided. [Ivie v. Bailey, supra.] However, the suggestions contained in the Eads case that the cause of action created by the statute does not survive the death of the offending officer, and such other statements in the opinion therein as are inconsistent with the present holding, are disapproved.

It is contended by the defendants that the petition fails to state a cause of action because it does not allege that "a fraud was committed by the defendant" or that "the acts were willfully done;" that such allegations are necessary in view of the holding of the Supreme Court in the case of Utley v. Hill, supra, 1. c. 265, 266. All that the court held in that case was that a petition alleging facts that show merely constructive knowledge or negligence on the part of the offending officer, would be insufficient. Each count of the petition in the case at bar substantially alleges that the defendants as officers, directors and managers of the bank, received and assented to the reception of the deposits with knowledge of the fact that the bank was insolvent and in failing circumstances. The allegation is in the language of the constitution and the statute, and

should be construed as alleging actual knowledge on the part of the defendants. [Skillman v. Clardy, 256 Mo. 297, 308.]

It may be that count six of the petition states no cause of action but the demurrer on this ground attacks the petition generally or as a whole as stating no cause of action and refers to count six separately only in those paragraphs of the demurrer claiming a misjoinder of causes of action and that they are not assignable.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.