**PROPERTY EXCHANGE & SALES, INC., (PESI), by Richard JACOBS, Assignee, Plaintiff–Appellant,**

v.

**William BOZARTH, et al., Defendants–Respondents.**

No. 56106.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Richard Jacobs, St. Louis, for plaintiff-appellant.

Richard C. Bresnahan, Clayton, for defendants-respondents.

SIMEONE, Senior Judge.

Cutting through the numerous issues raised by the parties as to whether certain claims are assignable, the precise issue to be determined in this proceeding is whether an assignee, not a licensed attorney, who is an officer of the corporation which assigned the claims to the officer-assignee to recover a rent-security deposit, may maintain litigation in the courts of this state when the assignor-corporation could not itself maintain suit. We hold that the assignee-officer of the corporation, under such an assignment, cannot file and maintain an action under circumstances where the corporation itself is precluded from so doing without representation by a licensed attorney.

On November 18, 1988, Property Exchange & Sales, Inc. (PESI), in its corporate name, filed a petition for damages in five counts. The petition alleged that PESI is a Missouri corporation in good standing, that the defendants, William T. Bozarth, et al. are non-resident trustees/owners of property located in St. Louis County known as Town & Four Villages. The first count alleged that the defendants made certain fraudulent representations to it that they would return $520 as a security deposit at the termination of a lease. The allegations were that certain premises were leased to a third party prior to December 24, 1984, that the third party wished to sublet the premises and that the plaintiff—PESI— was willing to "take over" said lease. The petition alleged that defendants agreed and represented that PESI could "take over" the premises with a new lease and that if PESI would return the premises in the same condition it was, the entire security deposit of $520 would be given to PESI, that these representations were false and relied upon by PESI, and that the plaintiff was damaged in the amount of $520 plus interest of $421.27.

Count II alleged similar facts but based upon a theory of violations of the Merchandising Practices Act, ch. 407, RSMo., 1986. Count III was based upon a theory of wrongful failure to return a security deposit pursuant to § 535.300, R.S.Mo., 1986. Count IV alleged a breach of contract theory for failing to return the deposit, and Count V alleged a theory of *prima facie*

tort.[1]

Plaintiff prayed for a return of the security deposit, or at least the undisputed amount of the deposit, $384.00, without condition and prayed for punitive damages in the amount of $10,000,000.

On November 21, 1988, PESI filed a "corrected" petition, and on December 23, 1988 filed an amended petition styled "PESI v. William T. Bozarth," et al. In this amended petition, it was additionally alleged that on November 1, 1988, "said Plaintiff assigned to R. Jacobs all of its right title and interest to any causes of action it has against the defendants jointly and severally."

An assignment, dated November 1, 1988, although not attached as part of the petition, but located in the legal file, indicates that PESI assigns to R. Jacobs, an officer of the corporation all of its right, title and interest to any and all causes of action and claims that PESI has as a result of the failure to return the security deposit. The assignment was signed by PESI by R. Jacobs, President as assignor, and by R. Jacobs as assignee.

On December 30, 1988, the defendants moved to dismiss the "Plaintiff's Petition" contending that the petition is filed by the corporation, signed by R. Jacobs, not a licensed attorney, as an officer of the corporation and that in Missouri a corporation is prohibited from maintaining litigation in the courts without the representation of a licensed attorney. On January 10, 1989, defendants filed a supplemental motion to dismiss the petition alleging further that the attempt at assignment to Jacobs is an attempt to circumvent the law that corporations cannot represent themselves in the Missouri courts without retaining an attorney.

The motion to dismiss was heard and argued and on January 18, 1989, the trial court entered its order finding that "the corporation cannot assign to an assignee causes of action for breach of contract, fraud, unlawful practices, [and] failure to refund security deposit. Cause dismissed with prejudice.[2] Costs against Plaintiff."

It is not essential in this case to determine in detail whether a corporation may make an assignment of causes of action for fraud, breach of contract, unlawful merchandising practices, failure to refund a security deposit under the law, or *prima facie* tort, for the reason that it is clearly the law in this state that a corporation, and as we construe it, an assignee who is an officer of that corporation, not a licensed attorney, cannot maintain litigation in this state without the representation of a duly licensed attorney.

Ever since the case of *Clark v. Austin*, 340 Mo. 467, 101 S.W.2d 977, 983 (1937), Missouri courts have consistently held that a corporation cannot appear in a *legal proceeding* except through an attorney. *See Liberty Mutual Ins. Co. v. Jones*, 344 Mo. 932, 130 S.W.2d 945, 955 (1939); *Dobbs*

---

**1.** The appellant, in his brief, contends that all of these rights of fraud, violation of the Merchandising Practices Act, wrongful failure to return a security deposit, breach of contract and *prima facie* tort are freely assignable. Respondent disagrees. It is not necessary to determine whether these claims are assignable to dispose of this case. However, rights are generally assignable if the cause of action survives, *Beall v. Farmers' Exchange Bank of Gallatin*, 76 S.W.2d 1098 (Mo. 1934), but not where a tort is for a wrong done to the person, reputation, feelings of the injured party, or a contract of a purely personal nature. *Id.* An action for fraud is assignable where the wrong is not regarded as one to the person but is assignable where the injury is regarded as affecting the estate or arising out of contract. *Houston v. Wilhite*, 224 Mo.App. 695, 27 S.W.2d 772 (Mo.App.1930); *Beall, supra*, at 1099; *Kansas City v. Rathford*, 353 Mo. 1130, 186 S.W.2d

570 (1945). A contract is assignable unless it involves personal services which involve special skill, knowledge or a relation of personal confidence. *Sympson v. Rogers*, 406 S.W.2d 26, 30 (Mo.1966). Personal injuries are not assignable. *Travelers Indemnity Company v. Chumbley*, 394 S.W.2d 418, 423 (Mo.App.1965). It may be that a claim for unlawful practices based upon a statutory right is not. *Cf., Houston v. Wilhite*, 27 S.W.2d at 775.

**2.** Although the trial court made no mention of Count V, *prima facie* tort, the court did dismiss the cause. The order is appealable when the court finds that no cause of action is stated. *Coyne v. Southwestern Bell Tel. Co.*, 360 Mo. 991, 232 S.W.2d 377, 378 (Mo.1950); *White v. Sievers*, 359 Mo. 145, 221 S.W.2d 118, 123 (Mo. 1949).

*Houses, Inc. v. Brooks,* 641 S.W.2d 441, 443 (Mo.App.1982); *Credit Card Corp. v. Jackson County Water Co.,* 688 S.W.2d 809, 811 (Mo.App.1985); § 484.020, R.S.Mo. 1986.

The law recognizes the right of natural persons to act for themselves in their own affairs, although the acts performed by them, if performed by others, would constitute the practice of law. A natural person may present his own case in court or elsewhere, although he is not a licensed lawyer. A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed attorneys. *Clark v. Austin, supra,* at 982; quoted in *Dobbs Houses, Inc. v. Brooks, supra,* 641 S.W.2d at 443.

In this case, the first two petitions were filed by PESI, by R. Jacobs, president and the amended petition was styled *PESI v. Bozarth,* and signed by "Property Exchange & Sales, Inc., 'PESI' by R. Jacobs, assignee, c/o P.E.S.I., St. Louis, Missouri 63105." Even the brief filed in this court is styled "P.E.S.I. by Assignee, R. Jacobs."

In effect therefore, the amended petition is filed and the action sought to be maintained by the PESI corporation, through its president, R. Jacobs, not a licensed Missouri attorney. To permit the corporation or the officer, as assignee of the corporation, to maintain litigation in the Missouri courts, through the device of an assignment would destroy the salutary principal that a corporation cannot act in legal matters or maintain litigation without the benefit of an attorney. *Biggs v. Schwalge,* 341 Ill.App. 268, 93 N.E.2d 87 (1950); *Mercu-Ray Industries, Inc. v. Bristol-Myers Company,* 392 F.Supp. 16 (1974); *Cf., Kamp v. In Sportswear, Inc.,* 70 Misc.2d 898, 335 N.Y.S.2d 306 (1972), *rev'd,* 39 A.D.2d 869, 332 N.Y.S.2d 983 (1972).

The trial court's judgment or order of dismissal, although based upon the theory that a corporation cannot assign the alleged causes of action, its judgment and order must be affirmed if the dismissal of an action can be sustained on any ground which is supported by the motion to dismiss regardless of whether the trial court relied on that ground. *Delmain v. Meramec Valley R-III School Dist.,* 671 S.W.2d 415, 416 (Mo.App.1984).

The judgment is affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.