DOBBS HOUSES, INC., A Delaware Corporation, Plaintiff-Respondent,

v.

Alvin L. BROOKS, Bill Beemont, Marie Burrow, Frank J. Cason, Jean Collins, Samuel Houston, Joan Krauskopf, Joy Lieberman, Jerry Puchta, Donald E. Rau, and John Al Rodriguez, Members of Missouri Commission on Human Rights;

and

Missouri Commission on Human Rights, a State Agency;

and

Phillip J. Hoskins, Hearing Examiner, Missouri Commission on Human Rights;

and

John Ashcroft, Attorney General, State of Missouri, Defendants-Appellants.

No. 44646.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

John Ashcroft, Atty. Gen., Scott A. Woodruff, Asst. Atty. Gen., Jefferson City, for defendants-appellants.

Thomas C. Walsh, David S. Slavkin, St. Louis, Mo., for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from an action in which the plaintiff, Dobbs Houses, Inc., sought a declaratory judgment on whether its Equal Employment Opportunity Affairs manager, who is not an attorney, could represent it before the Missouri Commission on Human Rights (Commission). The circuit court of St. Louis County ruled in favor of Dobbs Houses, Inc. The Commission and other parties-defendant appealed. The judgment is reversed.

On November 13, 1979, Phillip H. Hayman filed a complaint with the Missouri Commission on Human Rights alleging that his discharge by Dobbs Houses, Inc. was racially motivated. Following an investigation and attempts to conciliate the parties, the complaint was set for public hearing on March 18, 1981.

Dobbs Houses, Inc. sought permission to appear before the Commission and conduct its defense through Raymond C. Castro. Mr. Castro is the equal employment opportunity affairs manager for Dobbs Houses, Inc., and is not a licensed attorney. The hearing examiner denied the request.

On March 13, 1981, Dobbs Houses, Inc. sought a declaratory judgment in the circuit court of St. Louis County to determine whether Castro could represent Dobbs Houses before the Commission. The trial court ruled that Castro could represent the corporation before the Commission, in effect overruling a commission rule to the contrary. Members of the Commission and other parties-defendant appeal.

The primary issue here is whether a lay employee may represent a corporate respondent before the Commission. The key to the resolution of this issue is a determination of whether the Commission has the authority to promulgate a rule allowing only attorneys and individuals who are parties to appear before it.

The Commission is charged with the enforcement of the Discriminatory Employment Practices Act, Chapter 296 RSMo. 1978. The Commission is empowered by statute to conduct investigations, hold adversarial hearings and issue orders regarding the rights of parties upon the filing of employment discrimination complaints. § 296.030 RSMo. 1978. The Commission also has the authority to "adopt, promulgate, amend and rescind suitable rules and regulations to carry out the provisions of [chapter 296] and the policies and practices of the Commission in connection therewith." § 296.030.6 RSMo. 1978.

In accordance with that authority, the Commission had adopted the following rule:

"Only persons who are licensed attorneys admitted to practice in this state or permitted to practice in Missouri by the Missouri Supreme Court rules will be permitted to practice before the Commission. *An individual* who is a party may act as his own attorney." 4 CSR 180–2.060.1 (Emphasis added).

This rule, without more, would support the Commission hearing examiner in his ruling that Mr. Castro, a lay person, could not represent Dobbs Houses, Inc., a corporation, before the Commission.

Respondent, however, maintains that this rule conflicts with § 296.040.5 RSMo. 1978:

"The respondent may file a written verified answer to the complaint and *appear at such hearing in person or otherwise, with or without counsel,* and submit testimony. At the discretion of the hearing examiner or the panel, the complainant may be allowed to intervene and present testimony in person or by counsel. The commission or the complainant shall have the power reasonably and fairly to amend any complaint, and the respondent shall have like power to amend his an-

swer. The testimony taken at the hearing shall be under oath and be transcribed." (Emphasis added).

In particular, the respondent claims that the words "in person or otherwise" authorizes the representation of a corporate respondent by a lay employee.

The statute is ambiguous as it applies to corporations. A corporation cannot appear in person. The word "otherwise" is not defined any further. Appearance does not necessarily mean appearance in a representative capacity. The ambiguity has been resolved by the Commission in its rules.

The Commission has interpreted § 296.-040.5 to allow it, by rule, to prohibit a lay employee from representing a corporate respondent before it. See 4 CSR 180–2.060.1. This interpretation has strong support.

"Rules and regulations are to be sustained unless unreasonable and plainly inconsistent with the act, and they are not to be overruled except for weighty reasons ... The burden is on those challenging the rules to show that they bear no reasonable relationship to the legislative objective ... The interpretation and construction of a statute by an agency charged with its administration is entitled to great weight." *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197[1–4] (Mo. banc 1972). The rule in question must be so at odds with fundamental principles as to be mere whim or caprice if it is to be overruled by the courts. *Foremost-McKesson, Inc. v. Davis, supra* at 200. Rule 4 CSR 180–2.060.1 is

neither at odds with fundamental principles nor unreasonable.

The Missouri Courts have consistently held that a corporation cannot appear in a legal proceeding except by an attorney. See *Clark v. Austin,* 340 Mo. 467, 101 S.W.2d 977, 983 (banc 1937); *Liberty Mutual Ins. Co. v. Jones,* 344 Mo. 1127, 130 S.W.2d 945, 955 (banc 1939). The court rulings support the Commission rule.

"The law recognizes the right of natural persons to act for themselves in their own affairs, although the acts performed by them, if performed by others, would constitute the practice of law. A natural person may present his own case in court or elsewhere, although he is not a licensed lawyer. A corporation is not a natural person. It is an artificial entity created by law. *Being an artificial entity it cannot appear or act in person.* It must act in all its affairs through agents or representatives. *In legal matters, it must act, if at all, through licensed attorneys." Clark v. Austin, supra* at 982. (Emphasis added).

In addition, the Commission regulation is supported by statute. Section 484.020 RSMo. 1978 prohibits a corporation from engaging in the practice of law or doing law business.[1] The practice of law includes the "appearance as an advocate in a representative capacity ... in connection with proceedings pending or prospective *before any court of record, commission, referee or any body, board, committee or commission constituted by law or having authority to*

---

1. Section 484.020 provides: "1. No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefore and while his license therefore is in full force and effect, nor shall any association or corporation engage in the practice of the law or do law business as defined in section 484.010, or both.

2. Any person, association or corporation who shall violate the foregoing prohibition of this section shall be guilty of a misdemeanor and upon conviction therefore shall be punished by a fine not exceeding one hundred dollars and costs of prosecution and shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association or corporation paying the same within two

years from the date the same shall have been paid and if within said time such person, firm, association or corporation shall neglect and fail to sue for or recover such treble amount, then the state of Missouri shall have the right to and shall sue for such treble amount and recover the same and upon the recovery thereof such treble amount shall be paid into the treasury of the state of Missouri.

3. It is hereby made the duty of the attorney general of the state of Missouri or the prosecuting attorney of any county or city in which service or process may be had upon the person, firm, association or corporation liable hereunder, to institute all suits necessary for the recovery by the state of Missouri of such amounts in the name and on behalf of the state."

*settle controversies.*" § 484.010.1 RSMo. 1978. (Emphasis added).

Section 296.040.5 RSMo. 1978 does not expressly authorize a lay employee to represent a corporate respondent before the Commission. Therefore, 4 CSR 180–2.060.1 which interprets that provision, cannot be held to be plainly inconsistent. Nor can the regulation be said to be unreasonable. It is consistent with Missouri case law and statutory authority.[2]

The Commission had the authority to adopt the regulation at issue here. Absent any plain inconsistency or unreasonableness, the lower court was required to uphold and enforce that regulation. This it failed to do. As long as 4 CSR 180–2.060.1 remains in effect, a lay employee may not represent a corporate respondent before the Missouri Commission on Human Rights.

The judgment is reversed.

REINHARD, P.J., and CRIST, J., concur.

---

**2.** It is also important to note that 4 CSR 180–2.-060 was adopted in 1975. Section 296.040.5 was amended in 1978. At that time, the legis-

lature had the opportunity to change the rule and chose not to.