Marjorie REED, Plaintiff–Appellant,

v.

**LABOR AND INDUSTRIAL RELA-TIONS COMMISSION and K–Mart Corporation, Defendants–Respondents.**

No. 71882.

Supreme Court of Missouri,
En Banc.

March 13, 1990.

As Modified on Denial of Rehearing
May 15, 1990.

Dennis J. Capriglione, Nina Balsam, Legal Services of Eastern Missouri, Inc., St. Louis, for plaintiff-appellant.

Maurice B. Graham, Fredericktown, amicus curiae (Mo. Bar).

Ronald F. Harris, Labor and Industrial Relations Com'n, Sandy Bowers, Chief Counsel, Division of Employment Sec., Jefferson City, for defendants-respondents.

John J. Moellering, Jeffrey B. Hunt, Ronald A. Norwood, St. Louis, for K–Mart Corp.

James M. Talent, St. Louis, amicus curiae (Associated Industries of Missouri).

BILLINGS, Judge.

The issue in this case is whether the Labor and Industrial Relations Commission has jurisdiction of an appeal filed on behalf of a corporate employer by a non-attorney employee of the corporation. The court of appeals concluded the appeal was tainted by the corporation's unauthorized practice of the law, the appeal was null and void, and the Commission's denial of unemployment benefits could not stand; further, that the appeal be dismissed. The cause is retransferred to the court of appeals for decision on the merits.

K–Mart Corporation is a Michigan corporation doing business in Missouri. Marjorie Reed was employed in one of K–Mart's stores in the St. Louis area. She was discharged by K–Mart Corporation and filed a claim for unemployment benefits with the Missouri Division of Employment Security ("Division"). At an informal hearing, a Division deputy found Reed was discharged because of tardiness, which the deputy determined was not misconduct connected with work, and granted her benefits.

R.L. Kalajian, "unemployment compensation manager" for K–Mart Corporation, International Headquarters, Troy, Michigan, sent a letter to the Division requesting an appeal to the Division's Appeals Tribunal. The request was granted following a formal hearing before a referee. No attorney appeared at the hearing on behalf of K–Mart. The deputy's determination was affirmed by the referee. Again by way of letter from R.L. Kalajian, the decision was appealed to the Labor and Industrial Relations Commission ("Commission"). A majority of the Commission found in favor of K–Mart Corporation and denied Reed benefits. One Commission member dissented, asserting as one of his grounds that K–Mart Corporation must act through an attorney when appealing to the Commission. He argued that because Kalajian was not an attorney, the Commission had no jurisdiction to hear the merits.

Reed appealed the Commission's denial of benefits, which was affirmed by the circuit court. She appealed that decision and after the court of appeals' dismissal, this Court accepted transfer of the case.

■ This Court is the final arbiter in determining what constitutes the practice of law, *Hulse v. Criger*, 363 Mo. 26, 247 S.W.2d 855, 857 (banc 1952), and the General Assembly may not interfere with this inherent power. *In re Thompson*, 574 S.W.2d 365, 367 (Mo. banc 1978). However, the General Assembly has provided penalties for acts determined to be the unauthorized practice of law. *Section 484.010, et seq. RSMo, 1986.*[1]

■ K–Mart Corporation asserts its actions do not fall within the practice of law. For support, they refer to *§ 288.200.1 RSMo, 1986*, which allows any "party" to file an application requesting review by the Commission of an Appeals Tribunal decision. They contend that the informal nature of the Commission's review reinforces their interpretation of *§ 288.200.1.* In addition, K–Mart Corporation asserts that the

---

1. *Section 484.010, RSMo 1986* reads:
 1. The **"practice of the law"** is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.
 2. The **"law business"** is hereby defined to be and is the advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever.

mere act of filing a petition for review does not rise to the level of active representation or the holding out of the corporate employee to the public as capable of performing legal acts. *See Liberty Mutual Insurance Co. v. Jones*, 344 Mo. 932, 130 S.W.2d 945 (banc 1939); *Hulse v. Criger*, 247 S.W.2d at 862.

 The law does not treat individuals and corporations equally. The law allows an individual to bear the risk that representation without an attorney may entail. Natural persons may represent themselves in situations which, if done for someone else, would constitute the practice of law. *Clark v. Austin*, 340 Mo. 467, 101 S.W.2d 977, 982 (1937). Unlike individuals, corporations are not natural persons, *Clark v. Austin*, 340 Mo. 467, 101 S.W.2d at 982, but are creatures of statute. Businesses operating in corporate form are entitled to certain benefits that are denied to others. In addition to benefits, however, corporations also have certain restrictions placed upon them. One such restriction in Missouri is that a corporation may not represent itself in legal matters, but must act solely through licensed attorneys. *Liberty Mut. Ins. Co. v. Jones*, 130 S.W.2d at 955. In *Clark v. Austin*, 101 S.W.2d at 982, the Court held:

> [O]ne is engaged in the practice of law when he, for a valuable consideration ... appears in a representative capacity as an advocate in proceedings pending or prospective, before any court, commissioner, referee, board, body, committee, or commission constituted by law or authorized to settle controversies, and there, in such representative capacity, performs any act or acts for the purpose of obtaining or defending the rights of their clients under the law.

This definition encompasses a broad range of activities in which a non-attorney corporate employee may not engage on behalf of the corporation. It is the character of the acts done, and not the place where they are committed, that constitutes the decisive factor in determining whether the acts fall within the practice of law. *Hoffmeister v. Tod*, 349 S.W.2d 5, 13 (Mo. banc 1961).

In *Clark v. Austin*, 101 S.W.2d at 982, this Court held that lay railroad employees could not represent persons before the Public Service Commission. The employees were appearing at hearings, prepared and filed pleadings, gave advice as to certain facts to establish, and cross-examined witnesses. The Court held this was the unauthorized practice of law, saying:

> The law recognizes the right of natural persons to act for themselves in their own affairs, although the acts performed by them, if performed for others, would constitute the practice of law. A natural person may present his own case in court or elsewhere, although he is not a licensed lawyer. A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. *In legal matters, it must act, if at all, through licensed attorneys....* (Emphasis added).
>
> \* \* \* \* \* \*
>
> Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona. *A judgment rendered in such a proceeding is void.* (Emphasis added).

*Clark v. Austin*, 101 S.W.2d at 982–83.

In *Hoffmeister v. Tod*, 349 S.W.2d at 17, attending and participating in hearings before the Division of Employment Security and the Division of Workers' Compensation and advising other employees as to their rights under certain laws were held to be the unauthorized practice of law when performed by non-attorney corporate employees.

The Court also held a contract void because the contract allowed a non-attorney, self-appointed "rate expert" to transact legal business for clients in state and federal

courts. *Curry v. Dahlberg*, 341 Mo. 897, 110 S.W.2d 742, 746–47, 112 S.W.2d 345 (banc 1937). *See also Property Exchange & Sales, Inc., (PESI) by Jacobs v. Bozarth*, 778 S.W.2d 1 (Mo.App.1989) (dismissal upheld on grounds that a non-attorney corporate officer assigned a corporation's claims cannot file and maintain an action without the representation of a duly licensed attorney); *Credit Card Corporation v. Jackson County Water Co.*, 688 S.W.2d 809 (Mo. App.1985) (a brief filed by a non-attorney on behalf of a corporation was held void and required dismissal of the corporation's appeal); *Dobbs Houses, Inc. v. Brooks*, 641 S.W.2d 441 (Mo.App.1982) (upholding a regulation prohibiting a non-attorney employee from representing a corporation before the Missouri Commission on Human Rights while allowing an individual to represent him/herself).

The initial claim, objected to by K–Mart Corporation's local personnel employee Kathy Meinhardt, was decided by the Division deputy in employee Reed's favor. K–Mart Corporation's non-attorney employee Kalajian appealed the decision to the Appeals Tribunal by letter. On November 17, 1986, a second letter was sent by Kalajian from the Michigan headquarters, requesting the Commission review the decision of the Appeals Tribunal.

On the Court's own motion, pursuant to *Rule 81.12(e)*, the Court ordered the record supplemented. The supplemental record disclosed a letter dated January 8, 1987, from Kalajian to the Commission informing them K–Mart Corporation had received the brief filed by Reed's attorney. Kalajian explicitly stated that the letter was the employer's (K–Mart Corporation's) written response to the employee's brief. The letter then set forth the reasons K–Mart Corporation believed the Appeals Tribunal was in error and requested a reversal. Although presented in letter form, in substance this letter represented a brief filed by a non-attorney employee for K–Mart Corporation. A copy of the application for review and the letters concerning the same sent by Kalajian are attached to this opinion as an appendix.

The facts thus presented demonstrate the level of activity which Kalajian, the non-attorney employee, represented the corporation before a body constituted by law to settle controversies. *Sections 288.-190, 288.200, 288.210 RSMo, 1986*. Respondents assert the letters were merely ministerial acts, which do not constitute the practice of law or law business. This Court disagrees. Employee Kalajian's actions fall squarely within the definition set out above. Kalajian, representing K–Mart Corporation, advocated the corporation's position that Reed was discharged because of work misconduct, and asserted Reed had no right to receive unemployment benefits.

The Court finds that submitting the application for review to the Commission by a non-attorney employee on the corporation's behalf constitutes the unauthorized practice of law. "Misconduct connected with work" was characterized as having a specific legal meaning in the decision of the Commission, also a respondent in this case, and the Appeals Tribunal referee. *Ritch v. Industrial Com'n.*, 271 S.W.2d 791, 793 (Mo.App.1954); *Laswell v. Industrial Com'n. of Missouri, etc.*, 534 S.W.2d 613, 616 (Mo.App.1976). Non-attorney Kalajian, in his representative capacity for K–Mart Corporation, filed an application for review with the Commission and appeared by letter before the Commission advocating K–Mart Corporation's legal position as to the meaning of "misconduct connected with work." Through his letters, Kalajian sought to defend the corporation's rights under the law.

The Court finds the statutes require the applicant to assert facts and legal theories supporting reversal, which requires some degree of legal skill and knowledge. The statutes also recognize the different degree of legal skill and knowledge required in hearings of the Appeals Tribunal and beyond. When a deputy receives a claim for unemployment benefits that involves a complex question of law or fact, the deputy, without making a decision and with the director's approval, may refer the claim directly to the Appeals Tribunal for a hearing. *Section 228.070.2 RSMo, 1986.*

The Court finds the statutes require the applicant to assert facts and legal theories supporting reversal, which requires some degree of legal skill and knowledge. The statutes also recognize the different degree of legal skill and knowledge required in hearings of the Appeals Tribunal and beyond. When a deputy receives a claim for unemployment benefits that involves a complex question of law or fact, the deputy, without making a decision and with the director's approval, may refer the claim directly to the Appeals Tribunal for a hearing. *Section 288.070.2 RSMo, 1986.* The Court finds that filing the application for review to the Commission constitutes assertions of legal rights. It is axiomatic that a corporation must act through an attorney in all legal matters. *Clark v. Austin,* 101 S.W.2d at 982; *Property Exch. & Sales v. Bozarth,* 778 S.W.2d at 3; *Dobbs Houses, Inc. v. Brooks,* 641 S.W.2d at 443.

Respondents argue that the plain meaning of the word "party" in *§ 288.200.1* means "any party" and should be enforced as such. They cite language in the agency's regulation, *8 C.S.R. 20–4 (1988),* as support. The regulation allows any "interested party" to file an application for review to the Commission. An interested party is defined as a claimant, any other person or employing unit filing a timely protest under *§ 288.070.1,* any person, employer or employing unit having a legal interest in any determination made under *§ 288.130* and any assessment under *§ 288.160,* or the Division of Employment Security. *8 C.S.R. 20–4(3).* The regulation also states:

> Any individual may appear for him/herself in any hearing. Any partnership may appear by any of its members. An officer of a corporation or association or any other duly authorized person may attend a hearing on an application to which the corporation or association is an interested party and may be a witness in the hearing. Any party may be represented by an attorney-at-law and *no one who is not an attorney may appear in a representative capacity.* (Emphasis added).

*8 C.S.R. 20–4(8).* Respondents argue this section of the regulation only applies at the hearing phase. Only at that point are corporations distinguished from other business entities in terms of who may represent them. By allowing other applications to be filed by corporate non-attorneys in other cases, respondents argue the Commission has interpreted the statute and regulation the same as K–Mart Corporation.

■ The Court reads the regulation as consistent with recognized law that a corporation may not appear except through an attorney in legal proceedings. The regulation recognizes that individuals and partnerships may appear for themselves but, because they are an artificial entity, corporations or associations must be represented by an attorney. *Clark v. Austin,* 101 S.W.2d at 982. However the Commission may have interpreted the statutes or regulation in the past, the Court now holds that allowing a non-attorney corporate employee to file an application for review with the Commission is the unauthorized practice of law. The right to conduct business in corporate form also includes the obligations to do so in a lawful manner.

■ Corporations may have become complacent in their duty to act through an attorney in matters before the Commission, due in part to the Commission's laxness in enforcing this duty. Compromising those applications now pending with the Commission, where corporations have relied on the Commission for guidance, would be inequitable and unjust. Therefore, the Court will not disturb any filings by corporate non-attorneys which are currently pending before the Commission. This is consistent with prior practice when a decision effects unanticipated procedural or substantive changes. *See Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). As to new filings of applications for review, corporate employers must act by and through licensed Missouri attorneys in all proceedings before the Commission. Any such filings by a lay person on behalf of a corporate employer will be considered untimely filed and null and void. The Commission, as a part of its duty to insure the

law is not further violated, should reject attempted filings of applications for review on behalf of corporations by non-lawyers.

Inasmuch as the application for review was filed in accordance with then prevailing practices, and not rejected by the Commission, it is appropriate to retransfer this case to the court of appeals for consideration of the merits of the appeal.

BLACKMAR, C.J., and ROBERTSON, HIGGINS and COVINGTON, JJ., concur.

HOLSTEIN, J., concurs and concurs in separate opinion filed.

RENDLEN, J., concurs and concurs in separate concurring opinion of HOLSTEIN, J.

# APPENDIX

State of Missouri
### DIVISION OF EMPLOYMENT SECURITY
Jefferson City

R - w.

SEP 1 0 1986

### NOTICE OF APPEAL TO APPEALS TRIBUNAL

APPEALS

1. In the Matter of the Claim of

Social Security No. 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

Name Marjorie Reed
 (First) (Middle Initial) (Last)

Address 4121 LaFayette

St. Louis, Missouri 63110

Phone 314-771-6643

1a. Employer Name K Mart Corporation

Address 3100 West Big Beaver Road

Troy, Michigan 48084

Phone

2. APPEAL NO. 86-20381-R-A

3. ISSUE NO. 601

4. Benefit Year Beginning 08/10/86
Date of Initial Claim

5. Appeal Filed By: ☐ 0 Claimant
☒ 1 Employer

#1

K. Mart
3661 Gravois Ave
St Louis Mo 63116

9-11-86j.

6. Date deputy's ☒ determination (mailed
 ☐ redetermination ❌❌❌❌❌❌❌❌❌❌❌❌❌❌ to appellant 09/02/86

7. Deputy's determination from which appeal is being filed:

No D.Q. Discharge from K Mart Corporation on 08/12/86.

8. I appeal from this determination for the following reasons:

see letter attached

9. Attorney for Appellant _____

 Address _____

 _____

10. Division Witness _____

 Office Name _____

 ID No. _____

I understand that as a result of this appeal, if it is proper, a hearing will be scheduled and I intend to appear at the hearing to offer testimony in support of my appeal. I also understand as a result of the hearing the Appeals Tribunal may affirm, modify, or reverse the determination of the deputy, or may remand the matter to the deputy. My correct mailing address is shown above. IF I CHANGE MY ADDRESS BEFORE MY APPEAL IS HEARD I WILL NOTIFY: DIVISION OF EMPLOYMENT SECURITY, P.O. BOX 59, JEFFERSON CITY, MO 65104, ATTENTION: APPEALS SECTION.

11. Signed by see employers letter

12. Received in envelope postmarked 09/05/86 ; or in person on _____
 (Date) (Date)

At St. Louis D.T. 830 By _J. Brown_
 (Office Name & ID No.) (Deputy)

/br

**K MART CORPORATION**

INTERNATIONAL HEADQUARTERS
3100 WEST BIG BEAVER RD.
TROY, MICHIGAN 48084

September 4, 1986

Missouri Division of Employment Security
505 Washington Avenue
St. Louis, Missouri 63101

RE: Marjorie Reed, 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

We appeal this decision as being contrary to the facts and laws applicable to this case. The claimant provoked her own discharge for excessive tardiness.

Please advise us of the time and place of the hearing convenient to the geographical location where the claimant's employment occurred; namely, St. Louis, MO. We also request that a copy of the hearing notice be forwarded to the local store. Their address is: K mart #3518 - 3661 Gravois Avenue, St. Louis, Missouri 63116.

Very truly yours,

K MART CORPORATION

R.L. Kalajian, Manager
Unemployment Compensation

RLK:pj

cc A.S. Dunfee, #3518 MO.

RECEIVED

SEP 8 1986

MOIC-L-6-RI-3
07-85

State of Missouri
LABOR AND INDUSTRIAL RELATIONS COMMISSION
Jefferson City

Issue No._____

## Application for Review

(An Application to Have a Decision of an Appeals Tribunal of the Division of
Employment Security Reviewed by the Labor and Industrial Relations Commission)

All applications for review by the Labor and Industrial Relations Commission should be filed on
this form.

Section 288.200, RSMo 1978, as amended, provides the following in part: "...such application shall
contain specifically and in detail the grounds upon which it is claimed the decision is erroneous..."
Applications which do not comply with this requirement may be denied.

1. Appeal No. _86- 20381 R- A_ 4. Claimant's S. S. No. _500 - 46- 8390_

2. Claimant _MARJORIE Reed_ 5. Employer _K - MART CORP . . . ,_
 ATTN: PAYROLL TAX DIVISION
 Address _4121 LAFAYETTE_ _3100 WEST BIG BEAVER_
 _ST. Louis, MO 63110_ _TROY, Mich 48084_

3. Application Filed By: 6. Effective Date of
 Initial Claim _8-10-86_
 ☐ Claimant ☒ Employer ☐ Division 7. Deputy's Determination Dated _9-2-86_

8. I request the Labor and Industrial Relations Commission to review the decision of the Appeals

Tribunal of the Division of Employment Security which was made on ____11 - 14 - 86____ ,

because:

(See Attached)

I understand the Labor and Industrial Relations Commission may affirm, modify, or reverse the
Decision of the Appeals Tribunal, remand the matter to the Referee, or deny this application for
review.

9. Filed at _____ 11. Signed ____(See Attached)____
 (Local Office)

10. Received by _____ 12. On ____11____ ____18____ ____86____
 (Deputy) (Month) (Day) (Year)

Where the space provided for any item is insufficient, supplemental sheets properly
numbered by item may be attached.

**K** MART **C**ORPORATION
INTERNATIONAL HEADQUARTERS
3100 WEST BIG BEAVER RD
TROY, MICHIGAN 48084

November 17, 1986

Division of Employment Security
Post Office Box 59
Jefferson City, Missouri 65104

Attn: Appeals Section

RE: Marjorie Reed, 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

The employer is in receipt of the decision of the Appeals Trbunal mailed November 14, 1986 and herewith submit this letter as an appeal.

We respectfully request that the decision be reviewed and reversed as the claimant was terminated for misconduct.

Very truly yours,

R.L. Kalajian

RLK/pj

cc A.S. Dunfee, #3518 HO.

K MART CORPORATION

INTERNATIONAL HEADQUARTERS
3100 WEST BIG BEAVER RD
TROY, MICHIGAN 48084

January 8, 1987

Labor and Industrial Relations Commission
Department of Labor and Industrial Relations
1904 Missouri Boulevard
Post Office Box 599
Jefferson City, Missouri 65102

RE: Marjorie Reed, 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
Appeal No. 86-20381, Type R-A

The employer is in receipt of the brief filed in connection with the captioned matter and pursuant to the employer's appeal. Following is the employer's written response thereto.

Marjorie Reed's employment from K mart #3518, St. Louis, Missouri was terminated due to excessive tardiness and poor work performance.

Although the employer's policy provides that employees will not be docked unless they punch in more than seven minutes late, they are deemed tardy.

If Reed's actions were condoned, she would not have been counselled both verbally and formally prior to the termination of her employment. Reed would have you believe that she was given those seven minutes. Her actions inconvenienced other employees as well as customers.

It is respectfully submitted that Reed's continuing pattern of not being at work on time and after repeated warnings was misconduct in connection with the work.

In the present case, Reed's failure to be on time coupled with her conduct revealed a pattern of indifference and of an attitude that is equivalent of a willful disregard of the employer's interests or the employee's obligations to the employer.

For the reasons as set forth above, it is respectfully submitted that the Referee's decision be reversed and the employer's account be credited with any amounts already paid.

Sincerely,

R.L. Kalajian

RLK/pj

---

**HOLSTEIN, Judge, concurring.**

I concur fully in the majority opinion. However, I believe some additional comments are necessary. The record upon which the Labor and Industrial Relations Commission relied was made before a referee of the appeals tribunal. The reason for prohibiting non-lawyers from appearing in legal proceedings as advocates for other persons is to protect the public, including

corporations and corporate shareholders, from the incompetence of untrained, unlicensed practitioners. The record made before the referee for the appeals tribunal is a stark example of the potential dangers of ignoring the prohibition against non-lawyers practicing law.

No attorney was present for K–Mart at the hearing. K–Mart's only "representatives" at that hearing were two non-lawyer K–Mart employees, Kathy Meinhardt and Dan Johnson. Under these difficult circumstances, the referee undertook direct examination of Ms. Meinhardt and Mr. Johnson. The referee cross-examined Ms. Reed. Although Ms. Meinhardt apparently had some important exhibits in her possession, she did not bother to offer those into the record as evidence.

From what has been said, it is apparent that had Ms. Meinhardt or Mr. Johnson been left to their own resources, there would have been no record to support the Commission's determination. The only way the record was created was for the referee to abandon his position of neutrality and become an advocate for K–Mart in that adversarial proceeding.[1] Clearly the referee had no duty to assist either party. Had the referee not intervened in K–Mart's behalf, K–Mart and ultimately its shareholders would have suffered at the hands of its non-attorney representatives. That is precisely what the prohibition against non-lawyer representation in legal proceedings was designed to prevent.

1. It is beyond the scope of this discussion to address the extent and circumstances under which a referee may participate in presenting evidence at these hearings without giving the appearance, if not the reality, of bias and prejudice.