### In re ELSHIDDI ENTERPRISES, INC., Debtor.

**Bankruptcy No. 91–42011–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 25, 1991.

Shaun K. Baskett, Sr. Counsel, Dept. of Revenue, State of Mo., Office of Gen. Counsel, Jefferson City, Mo.

David T. Lumerman, St. Louis, Mo., for debtor.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The act of filing the Chapter 11 bankruptcy petition in this case has presented a very narrow question of law: May a corporation commence a bankruptcy case in Missouri without representation by legal counsel?

### FINDINGS OF FACT

On March 28, 1991 Elshiddi Enterprises, Inc. filed a Voluntary Petition for Reorganization under chapter 11 of title 11 of the United States Code. The Petition was accompanied by a list of creditors. The commencement of this voluntary case constituted the entry of an Order For Relief under Chapter 11. *11 U.S.C. § 301.* The only signature on the Petition was that of the Corporation's President, Veria Shabazz. The filing fee was paid in full with the Petition. On April 1, 1991, the Court on its own motion, ordered the Corporation to appear and show cause why the petition should not be dismissed for failure to comply with the legal requirements to proceed as a debtor under chapter 11, referring specifically to the absence of legal counsel and the absence of a corporate resolution or other authorization to proceed in the Bankruptcy Court.

Veria Shabazz appeared in person at the show cause hearing on April 10, 1991. Mr. David T. Lumerman, Attorney at Law, entered his special, limited appearance on behalf of the Corporation solely for the purpose of providing information for this record.

Ms. Shabazz stated that Elshiddi Enterprises, Inc. is, and was at the commencement of this case, a valid corporation. Prior to filing this petition, Ms. Shabazz had contacted an attorney to discuss bankruptcy and other forms of relief which might be available to the Corporation. However, at the time of filing this Petition, the Corporation was not represented by legal counsel. She stated further that on the morning of March 28, 1991, the Corporation's Board of Directors had voted to authorize the filing of a Petition for Relief under chapter 11. According to Ms. Shabazz, the petition was filed at 4:45 p.m. that afternoon because a landlord had threatened to evict the Corporation from its place of business the next day, for an alleged failure to make lease payments. Ms. Shabazz stated that when the landlord was shown a copy of the Bankruptcy Petition on March 29, 1991, he ceased the eviction process.

The Corporation has described its business as "Vocational training and school". *See,* Exhibit "A" to the Chapter 11 Petition. Ms. Shabazz stated that the school is licensed by the State of Missouri to offer courses leading to a GED. Approximately 54 students were enrolled as of the commencement of this case. Some of the enrollees have drug problems, or have otherwise experienced difficulties in other high school programs.

### CONCLUSIONS OF LAW

■ Section 301 of Title 11 of the United States Code states in part that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."

With certain exceptions which do not apply in this case, only a person that may be a debtor under chapter 7 of Title 11 may be a debtor under chapter 11. *11 U.S.C. § 109(d).*

A person may be a debtor in a chapter 7 case unless such person is a railroad or other entity identified on a list set out at Section 109(b) of Title 11. This list of persons which may not be a debtor in a chapter 7 case does not include a corporation. *See, 11 U.S.C. § 109(b)(1), (2) and (3).*

Therefore, it would appear from the Bankruptcy Code that a person such as a corporation is an entity which may commence a case under Title 11 by filing a petition under Chapter 11.

A debtor, a creditor and other entities in a bankruptcy proceeding may appear in a case under the Bankruptcy Code and act either in the entity's own behalf or by an attorney authorized to practice in the Court, and may perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy. Rule 9010(a), *Rules and Forms of Practice and Procedure in Bankruptcy.* The Advisory Committee Note to Rule 9010 states in part that the Rule does not purport to change holdings prior to 1987 which prohibited a corporation from appearing pro se, referring to the First Circuit Opinion at *In re Las Colinas Development Corp.,* 585 F.2d 7 (1st Cir.1978). The *Las Colinas* opinion dealt with a Bankruptcy Act case wherein a non-attorney officer of a Chapter XI corporation sought to represent the debtor in trials before the Bankruptcy Court and before the District Court. In denying the non-attorney's request, the First Circuit emphasized the traditional rule that a corporation can appear only by an attorney in legal matters, and refused to extend an exception for a lay person who might exhibit "extraordinary legal ability". *In re Las Colinas, supra,* at 11. The record as submitted to the Court of Appeals indicated that, in fact, the non-attorney had been allowed to represent the Debtor during earlier judicial proceedings. The Court's decision was summarized in the concluding paragraph:

One of the time-hallowed restrictions on corporations has been that, *in court pro-*

*ceedings*, they must be represented by a licensed attorney. *In re Las Colinas, supra*, at 13 (emphasis added).

The *Las Colinas* Court did not dismiss the bankruptcy case, and did not determine that the act of filing a bankruptcy petition by a corporation required representation by a licensed attorney.

Therefore, it would appear that the Bankruptcy Rules recognize the statutory right of a corporation to appear and act on its own behalf in a bankruptcy case and to perform any act, including the filing of a petition, by an authorized agent, attorney in fact, or proxy, *unless* such act constitutes the practice of law.

A general grant of authority to proceed in the Federal courts without the assistance of legal counsel is found in Title 28 of the United States Code. Section 1654 states that

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein. *28 U.S.C. § 1654.*

However, the capacity of a corporation to sue or be sued in the Federal Courts is generally determined by the law under which the corporation was organized. Rule 17(a), *Federal Rules of Civil Procedure.*

On March 28, 1991, the date on which this petition was filed, neither the Rules of the United States District Court for the Eastern District of Missouri nor the Bankruptcy Court Rules and General Orders for the Eastern District of Missouri prohibited a corporation from filing a Bankruptcy petition without the assistance of legal counsel.

Therefore, it would appear that the Bankruptcy Code, the Bankruptcy Rules, and the United States Code recognize the ability of a corporation to commence a bankruptcy case by filing a petition without representation by legal counsel, *unless* it has been determined that such an act (filing a petition) constitutes the unauthorized practice of law. *See,* Bankruptcy Rule 9010(a).

■ Missouri courts have consistently held that a corporation cannot appear in a *legal proceeding* except through an attorney. *Clark v. Austin,* 340 Mo. 467, 101 S.W.2d 977, 983 (1937); *Dobbs Houses, Inc. v. Brooks,* 641 S.W.2d 441, 443 (Mo.App. 1982); *Property Exchange and Sales v. Bozarth,* 778 S.W.2d 1 (Mo.App.1989); *Reed v. Labor and Industrial Relations Comm.,* 789 S.W.2d 19, 23 (Mo. banc 1990). The United States Court of Appeals for the Eighth Circuit has reached a similar conclusion. *See, Carr Enterprises, Inc. v. United States of America,* 698 F.2d 952, 953 (8th Cir.1983).

With very limited exceptions, these decisions have dealt with situations wherein an individual attempted to act on behalf of a corporate entity in activities which would be generally recognized as legal matters, such as the presentation of evidence at trial. These decisions appear to be based upon a common, although not always stated axiom that a corporation being an artificial entity created by statute cannot appear or act in person. It must act through agents or representatives. *Property Exchange & Sales, supra* at 3.

■ When a corporation is to act in a legal matter or is to maintain litigation, the agent or representative performing the action must be a licensed attorney. Such representation in a legal matter on behalf of a corporation by an entity other than a licensed attorney may be considered by some states to be the unauthorized practice of law. *See, Reed v. Labor and Industrial Relations Comm., supra* at 23; *In re Bachmann,* 113 B.R. 769 (Bankr.S.D.Fla. 1990).

■ The pivotal question in this matter then is whether or not the filing of a bankruptcy petition in Missouri is or has been determined to be a matter of law which requires representation by a licensed attorney. The Court's research has indicated that prior to the three determinations which are being simultaneously entered by

the Bankruptcy Judges in this District,[1] there had not been a published, definitive answer to this question in the State of Missouri. A consideration of the decisional law cited above, and the language of Section 484.010, R.S.Mo.[2] compels the conclusion that in the State of Missouri, the act of filing a bankruptcy petition is a matter of law. Therefore, the act of filing a bankruptcy petition by a corporation in the State of Missouri requires representation by a licensed attorney.

From after the entry of this Order, the filing of a bankruptcy petition in the Eastern District of Missouri by an entity on behalf of a valid corporation without representation by a licensed attorney will be void as the consequence of the unauthorized practice of law. The representation by a licensed attorney must be exhibited by the attorney's signature on the Petition.

■ The later entry of appearance by a licensed attorney on behalf of the corporation cannot operate as a ratification of the original void filing, if the attorney's signature did not appear on the petition.

■ The effect of this Order is prospective only. As noted previously, at the commencement of this case the determination of whether or not the filing of a petition by a corporation in Missouri was a legal act which required representation by licensed counsel had not been settled. Absent such a determination, there is authority in the Bankruptcy Code, the Bankruptcy Rules, and in other sections of the United States Code which recognize the right of a party to perform certain actions in a Federal court such as the filing of a bankruptcy petition without representation by a licensed attorney. It is therefore inappropriate to dismiss this petition for having been filed as the result of the unauthorized practice of law, when the filing occurred without a local or national rule prohibiting such filing, or without a specific determination that such a filing was a matter of law requiring licensed counsel, or without any other specific notice that such a filing may be void.

■ A bankruptcy case is essentially an equitable proceeding. As such it may be subject to stated rules and procedures which may be inappropriate in other legal specialties. These Findings and Conclusions and Order acknowledge that Congress and the Courts have recognized the ability of a valid corporation to file a bankruptcy petition without representation by licensed counsel, UNLESS such a filing has been determined to be the practice of law. That determination is made with the entry of these Orders. Therefore

IT IS ORDERED that this hearing is concluded; and that cause having been shown, the Order to Show Cause why this case should not be dismissed for failure to comply with the legal requirements to proceed as a debtor under chapter 11 is set aside; and

That the Debtor is to file Schedules and Statements of Affairs and other documents required by the Bankruptcy Code and Rules *not later than fifteen (15) days after the date of this Order;* and that failure to file these documents as so ordered will result in dismissal of this case without further notice; and

That if this chapter 11 Reorganization case is to continue, the Debtor is to immediately retain legal counsel for all other and further proceedings.

**1.** *In re Bellerive Springs Building Corp.,* No. 91–42322–293, slip op., 127 B.R. 219 (Bankr.E.D. Mo.1991); *In re Global Construction and Supply, Inc.,* 126 B.R. 573 (Bankr.E.D.Mo., 1991).

**2.** In pertinent part, Section 484.010, RSMo. refers to the practice of law as

The appearance as advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.