STATE of Missouri, ex rel., **MISSOURI DEPARTMENT of SOCIAL SERVICES, Appellant,**

v.

**ADMINISTRATIVE HEARING COMMISSION, Respondent,**

**Barnes Hospital, et al., Intervenors.**

No. WD 44370.

Missouri Court of Appeals, Western District.

Sept. 3, 1991.

Richard Beaver, Jefferson City, for appellant.

Daniel Jordan, Jefferson City, for respondent.

Richard D. Watters, John S. Cullinane, St. Louis, for intervenors.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

The question on this appeal is whether it is the practice of law to file with the Administrative Hearing Commission a petition for review of the calculations by the department of social services for Medicaid benefit payments or reimbursements payable to a services provider, § 621.055, RSMo (1986). If it is the practice of law, then petitions for review signed and filed on behalf of seven incorporated hospital providers in this case—intervenors—by non-lawyer employees of the respective hospitals, were null and void and did not vest jurisdiction in the Administrative Hearing Commission of their respective appeals. *Reed v. Labor & Indust. Relations Comm'n*, 789 S.W.2d 19 (Mo. banc 1990).

The Administrative Hearing Commission held that the filing of the petitions was not the practice of law and that they were sufficient to vest jurisdiction of the respective claims in the Commission. The Department of Social Services instituted this suit against the Administrative Hearing Commission in the Circuit Court of Cole County, seeking a writ of prohibition to prevent the Administrative Hearing Commission from entertaining the claims so instituted. Eight hospital claimants and a professional corporation intervened, although one hospital and the professional corporation have since dismissed their intervenors' petitions and seven hospitals remain in the case. The trial court quashed its preliminary writ, and the Department of Social Services has appealed.

We affirm the judgment of the trial court.

*Reed v. Labor & Indust. Relations Comm'n*, dealt with a corporate employer's application for review under section 288.200 RSMo (1986), of a decision of the appeals tribunal. That statute provides: "Such application shall contain specifically and in detail the grounds upon which it is claimed the decision [of the appeals tribunal, in an employment security case] is erroneous." § 288.200.1, RSMo (1986). In *Reed*, the corporate employer's application for review of a decision granting unemployment benefits to a discharged employee, specified as the ground for its application for review that "the claimant was discharged for misconduct." Said the court at 789 S.W.2d at 22:

The Court finds that submitting the application for review to the Commission by a non-attorney employee on the corporation's behalf constitutes the unautho-

rized practice of law. "Misconduct connected with work" was characterized as having a specific legal meaning in the decision of the Commission, also a respondent in this case, and the Appeals Tribunal referee (citing *Ritch v. Industrial Comm'n,* 271 S.W.2d 791, 793 (Mo. App.1954); *Laswell v. Industrial Comm'n of Missouri,* 534 S.W.2d 613, 616 (Mo.App.1976))...  The Court finds the statutes require the applicant to assert facts and legal theories supporting reversal, which requires some degree of legal skill and knowledge.

By contrast, there is nothing in section 621.055 which corresponds to the requirement of section 288.200 that specific grounds for review must be stated in the application for review. Section 621.055.1 provides only that: "The review may be instituted by the filing of a petition with the administrative hearing commission." There is no requirement that the applicant for review specify the grounds upon which he claims the decision of the Department of Social Services was erroneous. The provider in his petition would have only to identify himself, or itself, as a provider, identify the Department decision appealed from, and request an appeal therefrom.

Furthermore, it was critical in the employment security case that the application for review contain a precise statement of the legal reason or reasons the appeals tribunal decision was claimed to be wrong, for the Labor and Industrial Relations Commission, upon a review of the application itself, and without any hearing, could reject the appeal, which would amount to an affirmance of the appeals tribunal decision. § 288.100.1, RSMo (1986). The Administrative Hearing Commission, on the other hand, has no discretion to reject an appeal under section 621.055.1 on the ground the petition has not stated a case for reversal of the Department decision; it must take cognizance of the appeal and proceed as provided in Chapter 536.

The drafting and filing of the petition for review under section 621.055 requires no legal skill or legal training, as is required to draft an application for review under

section 288.100. It is not the practice of law. "It is the character of the acts done ... that constitutes the decisive factor in determining whether the acts fall within the practice of law." *Reed,* 789 S.W.2d at 21. The respective petitions for review in the present case, though prepared and filed by non-lawyer employees of the respective corporate providers, were sufficient to vest jurisdiction of the appeals with the Administrative Hearing Commission.

Judgment affirmed.