**DIVISION OF EMPLOYMENT SECURITY, Plaintiff/Respondent,**

v.

**Jeffrey A. WESTERHOLD, Defendant/Appellant.**

No. 71410.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 22, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Jeffrey A. Westerhold, Florissant, for defendant/appellant.

Alan J. Downs, St. Louis, for respondent/plaintiff.

1. All statutory references are to RSMo 1994,

AHRENS, Presiding Judge.

Defendant Jeffrey A. Westerhold appeals from an order denying his motion to quash a garnishment filed by the Missouri Division of Employment Security ("Division") on a judgment in favor of Division for unpaid contributions, interest and penalties. On appeal, Westerhold contends that the trial court erred because (1) the judgment was presumed paid under Missouri's statute of limitations, and (2) Division's actions constituted the unauthorized practice of law. We affirm.

In 1985, Westerhold, doing business as Dimarco Management Inc., was an "employer" for the purposes of paying contributions to Missouri's unemployment compensation fund. Section 288.032, RSMo 1994.[1] He was therefore required to pay contributions to the state's unemployment fund. Section 288.090. On March 24, 1986, Division assessed Westerhold for unpaid contributions, interest and penalties.

Westerhold petitioned for reassessment pursuant to section 288.190. The Division scheduled a hearing before its Appeals Tribunal, but Westerhold did not appear. His petition was dismissed on August 26, 1987. Westerhold then filed an application to have this decision reviewed by the Labor and Industrial Relations Commission. Section 288.200. The Commission reviewed the evidence and affirmed the decision of the Appeals Tribunal on March 9, 1988. Westerhold then filed an appeal for judicial review in the Circuit Court of Cole County. Section 288.210. The circuit court affirmed the decision of the Commission on January 17, 1992.

On August 26, 1992, Ronald M. Forck, the Chief of Contributions of Division, filed with the Circuit Court of St. Louis County a certificate specifying the amount of contributions, interest, and penalties due under the assessment. On March 26, 1996, Keith McNames, a tax supervisor acting as "agent" of the Division, filed a request for garnishment to be issued to Westerhold's current employer, Rhodey & Son Construction, Inc. On April 3, 1996, the writ was issued. On July 2, 1996, Westerhold filed a motion to

quash the garnishment. The circuit court denied this motion on October 2, 1996. Westerhold appeals from this order.

In his first point, Westerhold claims that the court should have quashed the writ of garnishment because collection was time-barred. He relies on Missouri's statute of limitations for the collection of judgments, which states in pertinent part:

> Every judgment, order or decree of any court of record of the United States ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof ...

Section 516.350, RSMo 1994. This presumption is conclusive, and no execution or process shall issue on such judgment. *Pourney v. Seabaugh*, 604 S.W.2d 646, 649 (Mo.App. 1980).

Specifically, Westerhold contends that section 288.160.5(2) triggered the running of any statutes of limitation on the collection of the assessment on March 24, 1986, the date Division issued the assessment, and therefore the request for writ of garnishment filed March 26, 1997 violated the ten-year limitations period of section 516.350. We disagree. Section 288.160.5(2) provides only that "[t]he giving of the notice of the making of the assessment shall toll any statute of limitations on the collection of any contributions, interest and penalties assessed." Section 288.160.5 does not provide any statute of limitations on the collection of judgments. That statute of limitations is found in section 516.350.

The presumption of payment and satisfaction under section 516.350 arises after the expiration of ten years from the date of the "original rendition" of a "judgment, order or decree of any court of record. ..." Division's issuance of the administrative assessment on March 24, 1986 did not constitute the original rendition of a judgment of a court of record. Here, Division's administrative assessment did not become final until the circuit court rendered its judgment affirming the decision of the Commission on January 17, 1992. Furthermore, Division's administrative assessment did not have the full force and effect of a judgment of the circuit court until the certificate of assessment was filed with the circuit court on August 26, 1992. Section 288.170.1. We need not decide which of these dates triggers the running of Missouri's statute of limitations for the collection of judgments under Section 516.350, because the garnishment was issued in this case within ten years of the earliest of these judgments. Therefore, the court did not err in denying Westerhold's motion to quash garnishment. Point denied.

In his second point, Westerhold claims that the writ of garnishment should have been quashed because Ronald Forck, who filed the certificate of assessment, and Keith McNames, who requested that the writ of garnishment be issued pursuant to section 288.170 were not lawyers, and therefore were engaging in the unauthorized practice of law.

Missouri has adopted a policy that the practice of law, both in and out of its courts, shall be limited to persons with specific qualifications and duly licensed as attorneys. *Risbeck v. Bond*, 885 S.W.2d 749, 750 (Mo.App.1994) (quoting *De Pass v. B. Harris Wool Co.*, 346 Mo. 1038, 144 S.W.2d 146, 148 (banc 1940)). It is the responsibility of the judiciary to determine what constitutes the practice of law, both authorized and unauthorized. *Id.* The legislature may assist the Supreme Court by providing penalties for the unauthorized practice of law, but the legislature can in no way hinder, interfere, or frustrate the Supreme Court's inherent power to regulate the practice of law. *Id.*

Our Supreme Court has offered guidelines to be used in determining whether a specific activity constitutes the practice of law.

> [O]ne is engaged in the practice of law when [the person], for a valuable consideration ... appears in a representative capacity as an advocate in proceedings pending or prospective, before any court, commissioner, referee, board, body, committee, or commission constituted by law or authorized to settle controversies, and there, in such representative capacity, performs any act or acts for the purpose of obtaining or defending the rights of their clients under the law.

*Reed v. Labor and Indus. Relations Comm'n,* 789 S.W.2d 19, 21 (Mo. banc 1990) (quoting *Clark v. Austin,* 340 Mo. 467, 101 S.W.2d 977, 982 (1937)). In addition, it is the character of the acts done, and not the place where they are committed, that constitutes the decisive factor in determining whether acts fall within the practice of law. *Id.*

We begin our analysis by noting that in *Reed,* a non-attorney employee submitted an application for review of an Appeals Tribunal decision to the Labor and Industrial Relations Commission. The Supreme Court held that this constitutes the unauthorized practice of law. However, these applications for review require the applicant to assert legal theories, which requires some degree of legal skill and knowledge. *Id.* at 23.

Here, both the Certificate of Assessment and the request for garnishment are distinguishable. Filing the certificate of assessment did not require any special legal skill or knowledge. Westerhold had an opportunity to have the Division's assessment reviewed by the Appeals Tribunal, the Labor and Industrial Relations Commission, and the Circuit Court of Cole County. The certificate merely recited the amount of contributions, interest and penalties which were due, the monthly interest accrual, that the order of assessment was final, and that notice of the order had been served on Westerhold. When the certificate was filed, its only legal effect was reducing this assessment, after all statutory appeals had been exhausted, to a judgment of the circuit court. We therefore hold that simply drafting and filing the certificate of assessment did not constitute the practice of law. *See State ex rel. Missouri Dep't of Social Services v. Admin. Hearing Comm'n,* 814 S.W.2d 700 (Mo.App. 1991).

Similarly, requesting the court to issue garnishment did not require any legal skills or knowledge. Garnishment is a form of execution. *State ex rel. Auto Finance Co. v. Collins,* 482 S.W.2d 529, 531 (Mo.App. 1972); *rev'd on other grounds,* 496 S.W.2d 827 (Mo. banc 1973). Our Supreme Court has held that "general executions may issue out of the court in which the judgment was rendered as a matter of course," and issu-ance of an execution is a "ministerial act." *State ex rel. Keitel v. Harris,* 353 Mo. 1043, 186 S.W.2d 31, 34 (banc 1945). Furthermore, section 288.170.1 reads that, in the case of collection of delinquent contributions to Missouri's unemployment fund, "[e]xecution shall be issuable at the request of the division, its agent or attorney as is provided in the case of other judgments." Division's agent filed no interrogatories or other pleadings in the garnishment proceeding that would constitute the practice of law. Accordingly, we conclude that filing the request to issue garnishment did not constitute the practice of law. Point denied.

The judgment of the trial court is affirmed.

CRANDALL, J., and ROBERT E. CRIST, Senior Judge, concur.