**JOSEPH SANSONE COMPANY,**
Plaintiff/Respondent,

v.

**BAY VIEW GOLF COURSE,**
Defendant/Appellant.

No. ED 81959.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 11, 2003.

Bay View Golf Course, High Ridge, pro se.

Douglas M. Nieder, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

The circuit court entered a judgment against the appellant Bay View Golf Course (Bay View), in favor of the respondent Joseph Sansone Company (Sansone). Sansone had filed a motion to confirm arbitration award, after their breach of contract claims were resolved in arbitration. The court entered judgment against Bay View for $9,553.69 plus post-judgment interest. Bay View appealed from the judgment. The notice of appeal was signed by Robert B. Rowan, Jr., who is not a licensed attorney in the State of Missouri. Mr. Rowan also filed the record on appeal. The record contains two documents that indicate Bay View is a corporation. A copy of the contract between San-

sone and Bay View refers to Bay View as a corporation. The award of the arbitrator also refers to Bay View as a corporation.

 A corporation is not a natural person and may not represent itself in legal matters, but must act solely through licensed attorneys. *Reed v. Labor and Industrial Relations Comm'n,* 789 S.W.2d 19, 21 (Mo. banc 1990). The corporation cannot appear by an officer of the corporation, unless that person is an attorney. *Id.* Furthermore, action taken on behalf of a corporation by a non-attorney representative may be void and can result in dismissal of the corporation's appeal. *Credit Card Corp. v. Jackson County Water Co.,* 688 S.W.2d 809, 811 (Mo.App. W.D.1985). Indeed, the normal effect of a representative's unauthorized practice of law is to dismiss the cause or treat the particular actions taken by the representative as a nullity. *Strong v. Gilster Mary Lee Corp.,* 23 S.W.3d 234, 241 (Mo.App. E.D.2000).

 We issued an order to Bay View, directing it to have an attorney enter his or her appearance on behalf of the corporation and have that attorney show cause why the notice of appeal should not be stricken as void. Bay View has failed to respond to our order. No attorney has entered his or her appearance on behalf of Bay View. Furthermore, a review of the Secretary of State's business entity database indicates that Bay View is a domestic profit corporation incorporated in Missouri in 1991.

Because Bay View is a corporation and a licensed attorney did not file its notice of appeal, the notice of appeal is void. The appeal is dismissed.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.